## L. L. CRUTCHFIELD v. E. S. STANFIELD.

(No. 2884.)

CONTRACT.— A party rescinding a contract on the ground of fraud must do so at once on discovering the fraud; he is not bound to rescind; and any delay, especially if it be injurious to the other party, would be regarded as a waiver of this right.

FRAUD.— The mere lapse of time, if it be considerable, goes far to establish a waiver of this right, and if it be connected with an obvious ability, on the part of the defrauded person, to discover the fraud at a much earlier period, by the exercise of ordinary care and intelligence, it would be almost conclusive.

APPEAL from Jack county. Opinion by WALKER, P. J.

STATEMENT.— This suit was brought by the appellee on a note of $600 against the appellants. The defendants allege that the note was given for the purchase of a mare bought by Crutchfield and Howard from the plaintiff for a race mare, on March 7, 1874; that the plaintiff represented the mare uninjured for racing purposes, and that they bought her relying upon said representations. They allege that

those representations were fraudulently and wilfully false in that the mare was, at that time, with foal, which fact rendered her useless for the purpose of racing, and that she brought forth a colt in the month of August succeeding. This suit was brought February, 1875. The defendants' answer was filed February 26, 1875, setting forth the foregoing facts, and alleging in addition thereto the payment on the —— day of June, 1874, by defendants to plaintiff of $100 on the note sued on, and before the defendants knew that the mare was in foal. Defendants also alleged the keeping of the mare from the date of purchase was worth $30 per month.

The answer concludes by tendering said mare to the plaintiff, praying, in effect, for cancellation of the contract, and for a judgment over against the plaintiff for the $100 which had been paid to plaintiff, and for $30 per month from the date of the purchase to the time of trial as damages for keeping and taking care of the mare. To this answer the plaintiff excepted, and the court sustained the exceptions. A jury was waived, cause submitted to the court, and judgment rendered on the note for the amount due, less the amount paid. The defendants appeal, and assign as error the ruling of the court sustaining plaintiff's exceptions to the plea or cross-bill of defendants.

OPINION.— The remedy sought, or the relief prayed for, by the defendants' plea, characterizes the answer which he makes, and it indicates to the court the rules by which its sufficiency shall be tested. Under the facts which the defendants allege, they had the election to plead them defensively, as constituting a total or a partial failure of the consideration for which the note was given, and for damages also in reconvention, if such they claimed, for the alleged fraud practiced upon them by the plaintiff. Such a defense as that would be does not seek to avoid the sale, and would be a defense analogous in its nature to a suit for damages for deceit, as it would be termed at common law.

31

But such was not the nature of the defendants' plea; they did not allege that the mare was valueless, nor that she was intrinsically of less value than the amount which they promised to pay for her; but they set up, in effect, that, irrespective of her value for any other purpose than that of racing, they were nevertheless entitled to rescind the contract of sale for fraud; and they asked, in their plea, no discount on the note sued on on account of any other damage than that which they alleged they sustained by reason of her uselessness as a racer, which constituted the sole inducement for buying the animal.

The facts alleged in the plea, therefore, were insufficient as the basis of a plea of failure or partial failure of consideration arising from any actual or supposed damage occasioned them by reason of mere diminution of value, between the price agreed to be paid and her actual cash value in the market, and would be, therefore, subject to plaintiff's exceptions, viewed as a plea of that character. The defendants rested their defense upon the merits of a plea which relied upon their right, upon the facts stated in it, to rescind the contract. The defendants do not allege, in their plea, when it was that they first made the discovery of the alleged fraud; but they do affirmatively show it was or might certainly have been known to them as early as the month of August, 1874, and probably at an earlier period, for the plea alleges that the mare had a colt in that month. The defendants do not allege that they ever offered to rescind the contract after their discovery of the fraud imputed to the plaintiff.

The general rule of law applicable to the rescission of contracts for fraud is that the rescission must be claimed within a reasonable time, promptly upon information had of its violation or fraudulent misuse or diversion, or the right will be lost by acquiescence. 5 Wait's Actions & Defenses, 508; citing Memphis & Charleston R. R. Co. v. Neighbors, 51 Miss., 412; Barfield v. Price, 40 Cal., 353; Heald v. Wright, 75 Ill., 17. The defendants allege no

fact in connection with the discovery of the fraud to rebut the inference which otherwise arises that they acquiesced in the validity of the sale and waived their right to claim a rescission of it. The answer does not show that the mare was of no use or service for purposes other than racing, and it does not show that for six months or more after the discovery of the fraud they continued to receive the advantage and benefit of the use and possession of the property, and did not offer to surrender it to the plaintiff nor to show any excuse for failing to do so.

The statements made in the defendants' plea show *prima facie* acquiescence on their part after the discovery of the alleged fraud in the contract of sale, and the case presented by them is within the rule which denies to them a right to rescind a contract, the consequences of which they do not seek to avoid until the other party to it, after so great a period of seeming acquiescence on their part, seeks its enforcement by demanding a compliance with its terms.

AFFIRMED.