## AMERICAN LAND CO. OF TEXAS v. DALE et al.

### No. 8930.

Court of Civil Appeals of Texas. San Antonio.

Nov. 23, 1932.

Rehearing Denied Dec. 21, 1932.

230

Davenport, West & Ransome, of Brownsville, for appellant.

Criss & Brown, of Harlingen, for appellees.

FLY, C. J.

This cause was instituted by appellant against Isa H. Dale and Anna M. Dale in trespass to try title to lots 5 and 7, in survey 297, Stewart Place subdivision in Cameron county. The cause was tried by jury, and, upon the answer to special issues, judgment was rendered in favor of the Dales as to appellant and against them as to certain parties against whom they had filed a cross-action. Those impleaded in the case by appellees are not parties to this appeal. Appellees answered, setting up fraud in a sale to them of the lots by appellant, and prayed for a rescission of the sale and judgment for all sums paid by them on the land.

The jury found that the land was not suitable for the raising of a first-class citrus orchard, that the land which was water-logged was not of a temporary nature, that the water-logging of the land was not due to persons over whom appellant had no control, and that the water-logging was not remedial at a reasonable expense. The question was not submitted affirmatively, and neither did the jury find that appellees had been induced by fraud to purchase the land. The verdict did not find any facts which tended to show that appellees had been fraudulently misled by statements made by appellant as to the character of the land.

■ The facts in this case show that Isa H. Dale came to Texas from Pennsylvania in November, 1928, and had an opportunity to examine the land. He did not examine or inspect the land, but closed the deal for it after going on a lot adjacent to it. He paid $5,000 in cash and executed a note for $5,000. In 1929 appellees came from their Pennsylvania home and spent several months near or on the land purchased from appellant. They knew the conditions surrounding the land, and not one word of complaint was made. They afterwards sought to get a change in the payment of the note and an extension of time. That was refused except on certain conditions. Then the cry of fraud in the original transaction was heard. Then the suit was brought and fraud was pleaded, and a rescission was asked. They sought not only to avoid payment of the note, but demanded and recovered the money paid on the land. The court gave them all they wanted, except a judgment against parties not connected with the transaction. No one had heard of fraud on the part of appellant for at least a year after the sale had been made. Dale stayed six months in the vicinity, contracted with appellant to place citrus trees on the land, and saw the trees placed there. He had, in the early part of 1929, told appellant that he was dissatisfied with the land, and was told that another lot would be given him if he wanted it. He made no further remonstrance. He knew as much about the fraud, afterwards alleged, at that time as he did when the suit was brought. He acquiesced in the planting of the trees, agreeing to pay therefor, and permitted the expenditure by appellant on the land of more than $1,500, and sought to obtain an extension of the debt by executing other notes in lieu of the original note. Those acts constituted acquiescence, and estopped appellees from setting up fraud and obtaining a rescission or cancellation of the contract. Pomeroy, Eq. Jur. § 897:

"Prompt Disaffirmance Necessary.—All these considerations as to the nature of misrepresentations require great punctuality and promptness of action by the deceived party upon his discovery of the fraud. The person who has been misled is required, as soon as he learns the truth, with all reasonable diligence to disaffirm the contract, or abandon the transaction, and give the other party an opportunity of rescinding it, and of restoring both of them to their original position. He is not allowed to go on and derive all possible benefits from the transaction, and then claim to be relieved from his own obligations by a rescission or a refusal to perform on his own part. If after discovering the untruth of the representations, he conducts himself with reference to the transaction as though it were still subsisting and binding, he thereby waives all benefit of and relief from the misrepresentations."

■ Appellees, following rule 31, for District Courts, filed the following admission:

"American Land Company of Texas vs.
Isa H. Dale and Anna M. Dale
"In the 103rd District Court Cameron County,
Texas
"No. 9482.
"To the Honorable A. M. Kent, Judge of Said
Court:

"Now comes Isa H. Dale and Anna M. Dale, both of the defendants as to the petition filed in the above entitled and numbered cause by

the American Land Company of Texas, and acknowledge in open court, before their announcement of ready for trial in this cause, that the plaintiff's, The American Land Company of Texas, cause of action as set out in its Original Petition on file herein, is good as to both of these defendants, except as the same may tend to be defeated by the matters set forth in the Second Amended Original Answer and Cross Action filed by these defendants herein.

"Wherefore, they pray that they may be permitted to open and close this case in the introduction of testimony and the argument before the jury."

By that pleading appellees admitted the justice of the entire suit of appellant as shown by its pleading, and rendered nugatory and vain the plea of not guilty. Smith v. Bank, 74 Tex. 545, 12 S. W. 221, 222; Meade v. Logan (Tex. Civ. App.) 110 S. W. 188, 189; Smith v. Frost (Tex. Com. App.) 254 S. W. 926. The plea gave the right to appellees to proceed with their affirmative action against appellant, and gave them the right to open and conclude. In the Smith v. Bank Case, supra, the Supreme Court, through Judge Gaines, states the rule, which this court follows. The court says: "The manifest purpose of this rule was to secure to a defendant the right to open and conclude when, upon the real issues in the case, the burden of proof rests upon him; that is to say, when his defense is in the nature of a confession and avoidance of the plaintiff's action he is permitted to admit the prima facie case of the plaintiff, although it is denied by his pleadings, and to open the case by introducing evidence to establish the affirmative defense he has set up. The rule is intended to secure a valuable right, and is just, and it should have a reasonable and practicable application. To construe it so as to accomplish in a reasonable and practical manner its object, an admission made in the very language of the rule must be construed to mean that the defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance to enable him to recover; but does not admit allegations in the petition which merely deny new matter alleged in the answer, the burden of proof of which is upon the defendant."

We do not think the rule cuts the defendant off from any independent defenses offered by him not invading the allegations in the action of trespass to try title.

The second proposition is sustained. No question bearing on rescission was submitted to the jury, and it seems that appellees had abandoned all attempts to obtain a rescission. It follows that they had no right or authority to recover the money they had paid on the land, nor obtain a cancellation of the note. Winters v. Coward (Tex. Civ. App.) 174 S. W. 940; Hallwood Cash Register Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857.

We reiterate the rulings in the Winters v. Coward Case, as follows:

"The equitable remedy of rescission or cancellation is sought in this case to set aside a sale of land made by appellant to appellees and to cancel certain promissory notes given for part of the purchase money of the land. The remedy is sought on the ground of fraud and misrepresentation on the part of appellant as to the quality of the land and the capacity of a certain well thereon.

"If appellees were led into the purchase of the land through the fraud and misrepresentation of appellant, they could undoubtedly obtain relief through the remedy of rescission, unless they lost their right through laches or waiver on their part.

"The remedy of rescission and cancellation is no prime favorite of courts, and slight circumstances, tending to show a purpose or intent upon the part of the person seeking a rescission to waive such right, will prevent the granting of the relief. The right of rescission is one that can be waived, and, when waived, the rights of the parties are placed upon a new basis. * * *

"The mere lapse of time goes far to establish a waiver of the right of rescission, and when taken with other circumstances, tending to show that the purchaser had, after the fraud was discovered, treated the property as his own, and had negotiations with the vendor in connection with other circumstances, would be conclusive. Crutchfield v. Stanfield, 2 Posey, Unrep. Cas. 480."

The third proposition is disposed of by what was said as to the first proposition, and it is unnecessary to further discuss the matters involved.

The judgment is not as clear as it might be, and it is therefore reversed, and judgment here rendered that appellant recover the land sued for as prayed in the petition, and that appellees take nothing by their cross-action and pay all costs of this and the trial court.