## NATIONAL BANK OF COMMERCE v. GEORGE H. WILLIAMS.

No. 6653.   Decided July 3, 1935.
Rehearing overruled October 2, 1935.
(84 S. W., 2d Series, 691.)

*Morgan, Culton, Morgan & Britain,* of Amarillo, for plaintiff in error.

The admission of defendant that plaintiff had a good cause of action, except as might be deated by fact alleged in defense, was an abandonment of his defensive matter. Easter Oil Corp. v. Straus, 57 S. W. (2d) 336; Dwyer v. Rohan, 99 Mo. App., 120, 73 S. W., 384.

*Monning & Akin,* of Amarillo, for defendant in error.

In answer to the above proposition of plaintiff in error, cite: Green v. American Ref. Properties, 22 S. W. (2d) 343; McFarland v. Shaw (Com. App.), 45 S. W. (2d) 193; King v. Wise (Com. App.), 282 S. W., 570.

MR. JUSTICE CRITZ delivered the opinion of the court.

This suit was filed in the District Court of Potter County, Texas, by the National Bank of Commerce against George H. Williams. Trial in the district court, where the case was submitted to a jury on special issues, resulted in a judgment and verdict for the bank. On appeal by Williams to the Court of Civil Appeals, this judgment was reversed and the cause remanded to the district court for a new trial. 62 S. W. (2d) 1108. The bank brings error.

The opinion of the Court of Civil Appeals makes a very full and correct statement of the facts and issues of this case. In the interest of brevity we refer to and adopt such statement. We will, however, make such statement in this opinion as is necessary to make it complete within itself.

The bank sued Williams on a plain promissory note, in the principal sum of $1449.66, executed by Williams and payable to the bank. This note recited that it was given "for value received."

Williams answered the bank's petition by verified plea, wherein he alleged certain defenses to the bank's alleged cause of action. These defenses are set out in detail in the opinion of the Court of Civil Appeals. It is sufficient to say that all defenses pleaded by Williams amounted to a denial that the bank's alleged cause of action ever came into existence. In other words, they amounted to a denial that the note made the basis of the bank's alleged cause of action ever became a legal obligation. Williams did not defend in any particular on the ground that the bank once had a cause of action on the note sued on which was defeated by later events.

After the issues of fact were settled in the district court, and before the introduction of evidence had begun, Williams filed his admission under District and County Court Rule No. 31, to the effect that the bank had a good cause of action as set forth in its petition, except so far as it might be defeated in whole or in part by the facts of his answer. This admission was filed by Williams in order to obtain the right to open and close in the introduction of testimony and in the argument. This was expressly stated in the written admission, and we presume from the record that he was accorded such rights.

1 An admission by defendant filed under District and County Court Rule No. 31, to the effect that the plaintiff has a good cause of action as set forth in his petition, except so far as it might be defeated in whole or in part by facts of the answer,

and that such admission is made by defendant in order to obtain the right to open and close in the introduction of testimony and in the argument, admits every fact alleged in the petition which is necessary to the plaintiff's recovery in the first instance, and constitutes an abandonment of all defensive matter, except that in the nature of confession and avoidance. Rector v. Evans (Com. App., Opinion Approved), 6 S. W. (2d) 105; Smith v. Traders' National Bank, 74 Texas, 545, 12 S. W., 221; Smith v. Frost (Com. App.), 254 S. W., 926; Ferguson v. American Bank & Trust Co. (Civ. App., Writ Ref.), 13 S. W. (2d) 459.

An examination of the bank's petition in the instant case shows that it alleged that Williams, for value received, executed and delivered to it the note made the basis of this suit. The petition contains all other formal allegations required for a petition in the district court on a promissory note. As already shown, Williams answered, setting up certain defenses, all of which denied the validity of the note in its incipiency. He pleaded no fact or circumstance which happened after its execution, as a defense thereto. Under such a record, the filing by Williams of the admission under Rule 31, supra, abandoned all defenses pleaded by him.

From the opinion of the Court of Civil Appeals it is clear that that court entertained views in harmony with the rulings we have here made, and only ruled otherwise because it considered itself bound to follow the unapproved opinion of the Commission in Central National Bank of Commerce v. Lawson, 27 S. W. (2d) 125, as the last expression of this Court. The ruling in Bank v. Lawson, supra, is clearly in conflict with all the other cases above cited, and is therefore overruled.

2  It will be noted that the opinion in Bank v. Lawson, supra, cites in support of its holding Judge Gaines' opinion in Smith v. Traders' National Bank, supra. In the case last mentioned the opinion shows that the bank sued Smith on a promissory note. Smith pleaded *failure of consideration,* not *want of consideration.* It was held that the filing of the admission under Rule 31, supra, did not abandon the defense of failure of consideration. Such ruling was correct, because the defense of failure of consideration presupposes that there was a consideration for the note in the first instance, but that it later failed. The defense in Bank v. Lawson, supra, was not failure of consideration, but want of consideration. A plea of want of consideration amounts to a contention that the note never became a valid obligation in the first instance. Words & Phrases, First

Series, Vol. 3, p. 2647; Shirk v. Nieble, 156 Ind., 66, 59 N. E., 281, 83 Am. St. Rep., 150; Williamson v. Cline, 40 West Va., 194, 20 S. E., 917. The opinion in Bank v. Lawson, supra, fails to recognize the distinction between a defense that contends that the plaintiff's cause of action never came into existence, and a defense that contends that it did come into existence, but later ceased to exist.

3 Finally, we wish to say that the Supreme Court is now adopting all opinions of the Commission as the opinions of the Court itself. These adopted opinions are given the same force, weight, and effect as the opinions written by the members of the Supreme Court itself. There are, however, a great many opinions of the Commission which appear in the Southwestern Reporter that were not adopted or approved by the Supreme Court. These opinions are not binding on the Court in the same sense that the approved and adopted opinions are, but they are given great weight by us, and the Courts of Civil Appeals and all lower courts should feel constrained to follow them, until they are overruled by the Supreme Court. Of course, where an unapproved opinion of the Commission is in conflict with an opinion of the Supreme Court, or with an approved or adopted opinion of the Commission, the unapproved opinion of the Commission should yield to the opinion of the Court, or to the approved or adopted opinion of the Commission, as the case may be.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion delivered July 3, 1935.

Rehearing overruled October 2, 1935.