## CRAMER v. CORNELL.
### No. 8495.

Court of Civil Appeals of Texas. Austin.
July 14, 1937.

On Motion for Rehearing Oct. 6, 1937.

Lawther & Cramer, of Dallas, and Wright & Tupper, of San Angelo, for plaintiff in error.

W. A. Keeling, of Austin, L. W. Elliott, of Sonora, and D. B. Hardeman and R. G. Hughes, both of San Angelo, for defendant in error.

BAUGH, Justice.

W. M. Cramer, payee in a note for $8,500, executed by Cornell, brought this suit against Cornell thereon and to foreclose a lien on certain mineral interests in lands in Pecos county, Tex. Cornell by proper pleadings under District and County Court Rule 31, admitted plaintiff's cause of action except as same might be defeated by the special defenses pleaded by him to said note and lien, and was given the right to open and close both in the admission of evidence and in argument. The case was tried to a jury, but at the close of the evidence the court instructed a verdict in favor of Cornell, and rendered judgment accordingly, from which judgment Cramer has prosecuted this writ of error.

The case arose as follows: In 1930 Dorothy Fletcher, then a manicurist in a barbershop in Dallas, brought suit in the district court of Dallas county, against Carl Cromwell, then a resident of Tom Green county, Tex., for divorce and for partition of community property, alleging that she had lived with Cromwell as his common-law wife from 1913 to 1918, and that he abandoned her in 1918. Cromwell denied the existence of any marital relationship with her. He had married Luella Cromwell in 1919, to which marriage was born a daughter, and was living with such wife and daughter at San Angelo when said suit was filed. Cornell represented Cromwell as his attorney, and with him was associated Bailey, Nickels & Bailey, of Dallas. Cramer represented the plaintiff in the Dallas suit. Numerous conferences and negotiations were had between counsel for the respective parties towards a settlement of that case. Finally an agreement between Cornell and Cramer, consented to by their respective clients, was reached, and the instruments here involved were executed. According to the testimony of Cornell, Cromwell was then insolvent, and because of his friendship with the family and to prevent humiliation, embarrassment, and chagrin to the wife and daughter, he agreed in effect to lend his credit to Cromwell in order to effect such settlement. It is not controverted that the condition of such settlement for the sum of $8,500 was that a judgment be entered in the divorce suit, expressly finding and reciting that no marriage relationship had ever existed between Cromwell and Dorothy Fletcher. Pursuant to this agreement, which was fully understood by Cramer, Cornell and Joe Bailey, Jr., who acted for his firm, and as intermediary and trustee in the matter, Cornell signed the note for $8,500 and the mineral deed in question, leaving the name of the payee in the note and that of the grantee in the mineral deed blank, and forwarded same to Bailey in Dallas to carry the agreement into effect. Upon instructions from Cramer, his name instead of that of his client was by Bailey inserted in the instruments. A judgment, apparently drawn by Bailey's firm and bearing the o. k. of Bailey and Cramer, was entered in the Dallas suit to the effect that the plaintiff in that suit "take nothing as against Mr. Carl Cromwell, and Mrs. Luella L. Cromwell,

and that said defendants go hence without day, with their costs in this behalf expended, etc." Cornell did not draw such judgment, and did not know until after his note to Cramer became due that it did not contain the adjudication by the court that no marriage status ever existed between Cromwell and Dorothy Fletcher, which was the moving consideration for its execution. He pleaded these facts as constituting a failure of consideration for said note and lien.

◼ Plaintiff in error's first contention as embodied in his first four propositions is that under Cornell's admission under District and County Court Rule 31 that Cramer had a good cause of action, "except so far as it may be defeated in whole or in part by the facts alleged in the answer constituting a good defense, which may be established on the trial," he was entitled to a judgment in his favor, citing Ferguson v. American Bank & Trust Co. (Tex.Civ. App.) 13 S.W.(2d) 459; Nat'l Bank of Commerce v. Williams, 125 Tex. 619, 84 S. W.(2d) 691, and Phoenix Mut. Life Ins. Co. v. Bernfield (Tex.Civ.App.) 101 S.W. (2d) 1025. This contention is that having made such admission the payor of a note cannot set up a want of consideration to defeat it, but is confined to defenses in the nature of confession and avoidance. But this rule does not prevent a plea of failure of consideration after the execution of a binding obligation. This rule would be applicable to a plea of want of consideration. But a plea of want of consideration implies that there never was any consideration and that no valid obligation ever came into existence. But such rule is not applicable where a consideration existed at the time of the execution of such note but later failed. Nat'l Bank of Commerce v. Williams, supra; Smith v. Bank, 74 Tex. 541, 12 S.W. 221; American Land Co. v. Dale (Tex.Civ.App.) 55 S.W.(2d) 229, 231. In the instant case Cornell expressly pleaded, as a defense to said note, failure of consideration.

◼ Plaintiff in error further contends that because Cornell, or his agent, prepared the judgment entered, he is estopped to assert that it was not the judgment agreed upon. But clearly, under the uncontroverted facts, Cramer cannot assert estoppel against Cornell. Had Cornell himself prepared the judgment this might be true. But Cornell knew nothing of the form and contents of the judgment entered at the time it was entered and his note delivered to Cramer. Manifestly Bailey was acting as his agent in that regard. As such, the only authority he had, the agreement having been reached between the principals to the transactions, was to deliver the note and mineral deed on condition that a judgment be entered forever foreclosing the question that the plaintiff in that suit had never been Cromwell's wife. Bailey had no authority to bind Cornell on the note and mineral deed otherwise. And Cramer, according to his own testimony, knew that such was the understanding and agreement, and the moving consideration for the note, and said note was made payable to him at his request. Not only did he know that such was the express agreement as to the judgment to be entered, but he also knew that Bailey knew it. Yet he approved and permitted to be entered in the case a judgment wholly at variance with the agreement. Manifestly he is in no position to assert an estoppel against Cornell on matters of which he was fully informed, but on which Cornell was not. He was in no sense misled in the premises.

◼ Plaintiff in error also asserts as a proposition that the "take nothing" judgment as entered in the Dallas suit was a judgment disposing of all the issues involved in that case. This proposition is neither briefed nor discussed and no authorities cited in support of it. It is not necessary for us to determine just what, in the light of all the pleadings in the Dallas county suit, such judgment does adjudicate; or whether it might be corrected in a proper proceeding. Suffice it to say that, prior to its entry, and without a trial on the merits of suit, the judgment to be entered was agreed upon by the parties. It was in effect a consent judgment, wherein the court undertook to give effect by judicial decree to the agreement of the parties. We are not here concerned with the question of whether, in a divorce suit, the court is bound to recognize or enter any decree agreed upon by the parties. He was clearly at liberty to refuse to do so without first hearing evidence, and then rendering a judgment based thereon. But that question is not before us. Suffice it to say that the only judgment which Cornell or his client would agree to, and the only one which, without a hearing upon the merits, they authorized to be entered, was not entered in the instant case.

We conclude, therefore, that the trial court was authorized to instruct a verdict in favor of Cornell on the ground that the

consideration for the note sued upon had failed; and the judgment rendered is accordingly affirmed.

Affirmed.

### On Motion for Rehearing.

In his motion for rehearing the plaintiff in error, among other things, requests us to correct our recital in the original opinion that his contention that the take nothing judgment as entered in the divorce suit disposed of all issues involved in that suit was neither briefed nor discussed. In this we were in error. Such contention was not covered in his original brief, but was adverted to and discussed with authorities cited in a supplemental brief, subsequently filed, which escaped our attention. The correction requested is therefore made.

 The contention made, however, is not sustained. The general rule is well settled that a judgment will be construed to have disposed of all issues made by the pleadings and the proof, as well as all other matters essential to an adjudication of the issues so made, unless the contrary is made to appear. In the instant case, however, there was more involved than merely the marital status of Dorothy Fletcher and Carl Cromwell, and the property rights as between them. The rights of Luella Cromwell, who was a party to the Dallas county suit, and the legitimacy of their 14 year old daughter, were matters of paramount concern. It affirmatively appears that these matters constituted the moving consideration for the settlement agreement made. While under a liberal rule of construction a take nothing judgment might be held to have embodied a finding that no marital status ever existed between Carl Cromwell and Dorothy Fletcher, it does not necessarily follow that such an implied finding was the basis for such judgment. The agreement, which was the consideration for the note here involved, was for an express finding in such judgment that no such marital relationship had ever existed. If none such had ever existed, the matter of a divorce and of partition of property as a matter of course were foreclosed. It was incumbent on the plaintiff in that suit to establish a common-law marriage, grounds for a divorce, and a right to partition of community property. No evidence was introduced in that suit. Though, by proper proof, Dorothy Fletcher might have established such common-law marriage, it would not necessarily follow that she was entitled to a divorce and to a partition of the property involved. The divorce could have been refused even though the marriage relationship were shown to have been established. It does not necessarily follow, therefore, that, as a matter of law, the judgment, as entered, constituted a finding that no marriage between them had ever existed. That finding was the matter of paramount concern to Cromwell and to his wife, and the express consideration for the settlement agreement. The judgment entered did not embody it, and consequently such consideration failed.

To the extent of correcting the misrecitals in our original opinion, the motion for rehearing is granted. In all other respects it is overruled.

Granted in part, and in part overruled.