SNYDER LOCAL MUT. LIFE ASS'N, GROUP ONE, v. LEMOND.

No. 1780.

Court of Civil Appeals of Texas. Eastland.

April 15, 1938.

Rehearing Denied May 13, 1938.

G. R. Lipscomb, of Fort Worth, and C. F. Sentell, of Snyder, for appellant.

Stinson, Hair, Brooks & Duke and Wilson & Ash, all of Abilene, for appellee.

GRISSOM, Justice.

Plaintiff, J. E. Lemond, sued defendant, Snyder Local Mutual Life Association, Group One, for $1,000, alleged to be due plaintiff as beneficiary in an insurance certificate issued by defendant insuring the life of James N. Lemond, deceased. Plaintiff, among other things, alleged that on March 26, 1934, "the defendant issued its membership certificate of life insurance in its Group One, upon the life of James N. Lemond, for the principal sum of $1,000 in consideration of the payments of the assessments and premiums therein stipulated and provided in said policy." It was alleged that a membership certificate in the defendant association was issued to James N. Lemond, duly signed by the president and secretary-treasurer of the defendant association; that the certificate contained the following provision: "This certificate witnesseth that James N. Lemond hereinafter styled insured, is this day admitted as a member of the Snyder Local Mutual Life Association, Group One, of Snyder, Texas" etc.

That said policy of insurance was issued and delivered to the assured and that said membership certificate became a valid, binding obligation; that all premiums and assessments had been paid; that the assured died on the 13th day of January, 1935; that at said time said certificate was a valid and binding obligation upon the defendant to pay the same in the event of assured's death; that upon the death of the assured said certificate became due and payable and said defendant became bound, liable, and obligated unconditionally to pay same. Plaintiff alleged that he had given the required notice of the death and had furnished the defendant with proof of death of assured, as required in said membership certificate; that more than ninety days had elapsed since the death of the assured and though proof of death, required under the terms of the certificate, had been made, defendant refused to pay the sum provided for in said certificate to plaintiff's damage in the sum of $1,000.

The defendant answered by general denial and further alleged, in substance, that the application for insurance contain-

ed false statements as· to the condition of the health of James N. Lemond; that said statements in the application were relied upon by the defendant in issuing its certificate or policy of insurance; that James N. Lemond at the time of the application for and the issuance of the certificate was not in good health, as represented, but was ill and suffering from certain diseases which, it was alleged, caused or contributed to his death.

By supplemental petitions, plaintiff alleged that if any irregularities existed in the making of the application that the facts were known to defendant and its agents and its managing officer; that the defendant took advantage of same, profited thereby, and, knowing of said irregularities, received the benefits thereof by collecting dues, premiums, and assessments whereby, it was alleged, defendant was estopped to plead any irregularities in said application, and by its acts waived any forfeiture of said policy to which it might have been entitled.

Plaintiff further alleged that the insured was in good health at the time the application for insurance was made and certificate issued, but if insured was afflicted with any ailment at said time, which was denied, that insured was cured of same before the commencement of the illness which caused his death. Plaintiff further alleged that in making the application for insurance the facts were stated to the defendant's agent who took the application.

After the announcement of both parties that they were ready for trial and at the commencement of the examination of the jury panel, the defendant filed an admission under rule 31 for district and county courts, which, omitting formal parts, was as follows: "Now comes the defendant and admits that the plaintiff has a good cause of action as set forth in his petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial."

Thereupon, defendant demanded, and was by the court accorded, the right to open and conclude in adducing the evidence and in the examination of the jury.

At the close of the introduction of testimony by the defendant, plaintiff presented his motion for an instructed verdict, and the court, being of the opinion, as shown by the record, that defendant had admitted plaintiff's cause of action, and that there was·neither pleading nor evidence in avoidance of plaintiff's alleged cause of action, the motion was sustained, and the jury instructed to return a verdict for plaintiff, which it did. Thereupon, the court entered judgment for plaintiff against defendant for $1,000.

The defendant has appealed.

Defendant's pleading and proof were to the effect that assured was not in good health at the time of the issuance and delivery of the certificate of insurance, and that, therefore, there was never any valid certificate of insurance or policy in existence. This was directly in conflict with the admission by defendant of the existence of the cause of action alleged by plaintiff. In other words, there was neither pleading nor evidence that though a valid cause of action on behalf of plaintiff once existed said cause of action had been defeated or ceased to exist. If we are correct in this conclusion, it necessarily results that the trial court was correct in its conclusion that there was neither pleading nor proof in avoidance of the cause of action alleged by plaintiff. The court was, therefore, correct in its action in instructing a verdict for plaintiff. National Bank of Commerce v. Williams, 125 Tex. 619, 84 S.W.2d 691; Smith v. Frost, Tex.Com.App., 254 S.W. 926; Rector v. Evans, Tex.Com.App., 288 S.W. 826; Id., Tex.Com.App., 6 S.W.2d 105; Sanders v. Bridges, 67 Tex. 93, 2 S.W. 663; 41 Tex.Jur. 760. In National Bank of Commerce v. Williams, supra, opinion by Justice Critz, it was said (page 692): "An admission by defendant filed under district and county court rule No. 31, to the effect that the plaintiff has a good cause of action as set forth in his petition, except so far as it might be defeated in whole or in part by facts of the answer * * * admits every fact alleged in the petition which is necessary to the plaintiff's recovery in the first instance, and constitutes an abandonment of all defensive matter, except that in the nature of confession and avoidance."

As illustrative of the facts in that case and its application to the instant one, we further quote: "As already shown, Williams answered, setting up certain defenses, all of which denied the validity of the note in its incipiency. He pleaded no fact or circumstance which happened after its execution, as a defense thereto. Under such a record, the filing by Williams of the admission under rule 31, supra, abandoned all defenses pleaded by him."

The judgment in addition to provisions awarding plaintiff recovery of $1,000 from the defendant, Snyder Local Mutual Life Association, Group One, further awards such recovery against "any class or group of said defendant in to which said policy holders or members may be transferred or rewritten, to be assessed by levying assessment of $1.10 each upon the members * * * until said judgment and all costs herein be satisfied." The quoted portion of the judgment is not supported by the pleading. The statute prohibits provision for the payment by one group of such an association of the debts or charges owing by another. Article 4875a—11, Vernon's Ann.Civ.St., Acts 1929, 41st Leg. p. 563, c. 274, § 11. The judgment will be reformed by elimination of the quoted provisions, and, as so reformed, affirmed.

Reformed and affirmed.