## ROBERTSON v. LYNCH DAVIDSON & CO.
### No. 10963.

Court of Civil Appeals of Texas. Galveston.

May 23, 1940.

Rehearing Denied June 27, 1940.

A. R. Rucks and Robt. M. Lyles, both of Angleton, for appellant.

McFarlane & Dillard, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $241.60 judgment by the county court at law of Harris County, in appellee's favor against appellant, en-

tered pursuant to the return of an instructed verdict by the court, as for the amount found by the court to be then due upon appellant's $450 note in favor of appellee's predecessor in title thereto, of date March 31, 1936.

The sole question of law presented here is, as to whether or not such instruction of a verdict was erroneous, the appellant contending that it was, upon assignments, which may be thus epitomized:

(1) "Appellant pleaded and offered evidence tending to show that the note sued upon herein was not in the hands of an innocent purchaser, and that no consideration was given therefor; that it was only an accommodation note given without any consideration and with the distinct understanding that it would impose no obligation upon appellant."

(2) "Nothing contained in the admission filed by appellant was sufficient to entitle appellee to a judgment herein, the only admission being to the effect that appellee had a prima facie case, unless the same was defeated by the defensive facts; i. e., that the note was given only as an accommodation note, without any consideration, and with the distinct understanding that it would impose no obligation upon appellant, and was not in the hands of an innocent purchaser."

Under the disposition determined upon for this appeal, no written opinion is required of this court; but, in deference to the painstaking aid given the court by counsel for both sides, as well as the importance of the question involved, this brief statement of the considerations upon which an affirmance of the judgment will be entered is made:

The $450 note sued upon was as follows: "$450.00    Alvin, Texas, March 31, 1936.

"Eighteen months after date, payable at rate of $25.00 per month, I, we, or either of us promise to pay to the order of Geo. M. Seaman, Receiver, Lynch Davidson & Company, Four Hundred Fifty and No/100 Dollars at Houston, Texas, or at office of Lynch Davidson & Company, Houston, Texas, for value received, with interest at the rate of ten per cent per annum after maturity until paid. And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, an additional amount of ten per cent shall be added to the same for attorney's fees.

"The drawers and endorsers severally waive presentation for payment, protest and notice of protest for non-payment of note.

"Failure to pay this note at maturity shall, at the option of the holder of them, or any of them, at once mature and make payable all other notes this day given by the undersigned to said Lynch Davidson & Company.

"(Signed)    A. J. Robertson."

There were added averments as credits, resulting balance claimed to be due, and ownership of such note by the appellee at the date of suit.

Appellant answered by general demurrer, general denial, and special plea, to the effect that the note was then and had been from its inception "wholly without consideration, unenforceable, and created no liability, and imposed no obligation upon the appellant to pay the same or any part thereof", for detailed reasons, hereinafter further referred to; on the call of the cause for trial, he further filed his "Admission Under Rule 31", as follows:

"Now comes A. J. Robertson, the defendant in the above entitled and numbered cause, and admits that he executed and delivered the note sued upon by plaintiff herein and that plaintiff acquired the same in the manner alleged in his petition, but further alleges that the same was executed and delivered under the circumstances set forth in defendant's answer filed in this cause and that plaintiff had knowledge of all of said facts at the time of the acquisition of said note, and that therefore plaintiff has a good cause of action, except in so far as the same may be defeated in whole or in part by the facts of defendant's answer filed herein constituting a good defense.

"That defendant makes this admission after the issues of fact are settled and before the trial of this cause had commenced and demands the right to open and conclude in adducing evidence and in the argument of this cause.

"Wherefore defendant prays that the foregoing admission shall be entered of record and that he be accorded the right to open and conclude both in adducing evidence and in the argument of the trial of this cause, all as is provided by Rule 31 of the Rules promulgated by the Supreme Court of Texas governing the practice of District and County Courts in the State."

The learned trial judge took cognizance of this admission, and granted the appellant the coveted right to "open and close" in the ensuing trial, which he availed himself of, but on conclusion of the evidence, in response to appellee's motion therefor, gave the peremptory instruction referred to.

The facts so pled by the appellant in his answer, upon which he depended to defeat the appellee's cause of action upon the note, are thus epitomized from his own brief:

"Further answering herein, defendant respectfully shows the court that the note sued upon by the plaintiff herein is wholly without consideration and unenforceable and creates no liability and imposes no obligation upon this defendant to pay the same or any sum of money whatsoever, either in Harris County, Texas, or elsewhere, for the following reasons, to-wit:

"That it was agreed between the parties thereto that this defendant should trade his automobile, which he had so worn out in the manner aforesaid (in furtherance of Receiver, Geo. M. Seaman's business), as part of the purchase price upon a new automobile, and should pay a difference of $450.00 in cash and should draw a draft upon the said George M. Seaman, Receiver, for the said sum of $450.00, which said sum would be paid by said receiver, and that said new automobile should become the property of this defendant, and that he would receive said sum of money so furnished by said receiver and applied toward the purchase price of said new automobile to reimburse him, the said A. J. Robertson, for having worn out his automobile in the service of said receiver.

"In furtherance of said agreement and understanding, this defendant did exchange his old automobile, which had been so worn out in the furtherance of said receiver's business, as aforesaid, for a new automobile, and did agree to pay, in addition to the amount allowed for said old automobile, the sum of $450.00 in cash, and did give the vendor of said new automobile a draft upon the said George M. Seaman, receiver, for said sum, which said draft was promptly paid by the said George M. Seaman, and this defendant took possession of said new automobile and the transaction was thereby closed.

"That several months thereafter, * * * said George M. Seaman, receiver, requested this defendant to come to his office, and upon his arrival at said office, the said George M. Seaman stated to this defendant that the payment of such a large sum as $450.00 at one time for an automobile and as automobile expenses for said business, was likely to be criticized by the court in which said receivership was pending, and therefore result in dissatisfaction among the creditors who had instituted such receivership and great embarrassment to such receiver, and that in order to avoid such criticism and embarrassment he, the said George M. Seaman, had prepared a note for $450.00, payable to himself, and being in all things identical with the note set out in plaintiff's said petition, and that he desired this defendant to sign said note with the distinct agreement and understanding that said note would impose no obligation whatsoever upon this defendant, but would be credited with small amounts each month until the same was absorbed, and that such credit would be charged to automobile expenses and thereby the said George M. Seaman would avoid such criticism and embarrassment and that the sole purpose of the execution of said note would be to prevent such criticism, and that said note should not impose any obligation whatever upon this defendant, and this defendant executed said note under the aforesaid circumstances at the request of the said George M. Seaman, receiver, merely to accommodate the said George M. Seaman, and in order that he might avoid such criticism, and with the distinct understanding and agreement with respect thereto, as is hereinbefore set out, and that for such reason said note imposes no liability upon this defendant and is wholly without consideration.

"That at the time the plaintiff, Lynch Davidson & Company, acquired said note, it acquired the same merely as successor in title to the receiver and the assets of said Lynch Davidson & Company, which were at said time in the hands of a receiver, and with full knowledge of all of the facts hereinbefore set out, and that therefore the plaintiff herein is in no sense a bona fide holder of said note for value, nor an innocent purchaser thereof, for a valuable consideration."

Upon careful consideration of the record so presented, it is this court's conclusion that appellant's quoted answer, when reduced to its ultimate purport, plainly and unequivocally asserts that there was an entire want of consideration ab initio for the note given by him as distinguished

from any failure of consideration whatever subsequent to its execution and delivery, for which reason it was void; that, at most, he therein declares himself to have been an accommodation-maker of the paper for Seaman, Receiver, and that he thereby brings the resulting case presented here squarely under the holdings of our Supreme Court in National Bank of Commerce v. Williams, 125 Tex. 619, 84 S.W. 2d 691, and Cramer v. Cornell, Tex.Com. App., 130 S.W.2d 1023.

In other words, it seems clear that the only question appellant raises has been foreclosed the other way by the Supreme Court in the two cases cited, upon states of fact not in legal effect different from those presented here.

It would, therefore, serve no useful purpose to essay any first-hand construction of what the law is upon that question, provided the appellant's answer had the resulting effect of classifying his case as coming within that rule, which this court thinks it did. The affirmance will be ordered.

Affirmed.