## RIDDLE v. CORCORRAN.
### No. 5287.

Court of Civil Appeals of Texas. Amarillo.
April 7, 1941.

Aldridge & Aldridge, of Farwell, for appellant.

E. F. Lokey and J. D. Thomas, both of Farwell, for appellee.

FOLLEY, Justice.

This suit was filed by the appellant, J. L. Riddle, against the appellee, E. H. Corcorran, seeking judgment upon two promissory notes totaling $281 executed by

the appellee on March 29, 1939, payable to the appellant, and for foreclosure of a chattel mortgage upon a secondhand tractor of the alleged value of $150, which mortgage was given to the appellant by the appellee to secure the payment of the two notes.

The appellee answered by general demurrer and general denial and by special answer alleged that he was not obligated upon the notes because of misrepresentations amounting to fraud which induced him to purchase the tractor for which the notes were given. He alleged that the agent of the appellant represented the tractor as a completely overhauled machine; that it was equipped with a new drive chain, new block assembly and a new bull gear; that said representations were false and were made for the purpose of deceiving the appellee; that he relied upon such representations believing them to be true; that had such representations not been made he would not have purchased the tractor; that said tractor when first tested would not pull its own weight in high gear; that upon various occasions the appellant sent a mechanic to adjust the tractor; that the mechanic found the tractor out of time and that the piston pins were too long and were beginning to score the cylinder walls; that such mechanic later found that the governor shaft and the governor assembly were worn out; that after the appellant refused to further repair or adjust the tractor the appellee undertook to do so; that it was necessary for him to replace the valves, place a large bearing on the gear and replace the bull chain; that he made diligent effort to adjust the tractor but to no avail; that during the season of 1939 the tractor was completely out of performance for more than thirty days; that at great difficulty he listed and planted 200 acres, cultivated 100 acres and harrowed 60 acres; that the notes sued upon were given in part payment of the purchase price of the tractor; and that the consideration for the tractor had wholly failed.

Apparently in compliance with rule 31 of the Supreme Court's Rules for District Courts the appellee made the further allegation: "That the defendant further answering, alleges that but for the facts as set out in this answer the plaintiff would be entitled to recover on his suit as alleged in his petition; and the defendant assumes the burden of proving his defense and

claims the right of opening and closing the argument."

At the conclusion of the evidence the appellant requested a peremptory instruction to the jury in his favor which was refused by the court. Two of the above alleged misrepresentations, with attendant issues necessary to establish fraud, were submitted to the jury and answers made resolving such issues in favor of the appellee. The jury further found upon other issues submitted that the appellee was allowed to take the tractor upon trial before he became obligated to purchase the same; that it was agreed that the appellant would furnish parts for the tractor for ninety days after delivery; and, by a special issue requested by the appellee, found that the agent of the appellant represented to appellee that the tractor was completely overhauled and that appellant would stand by it and make necessary repairs for a period of ninety days. Upon this verdict the court rendered judgment for appellee cancelling the notes and discharging the appellee with his costs. From this judgment the appellant prosecutes this appeal.

■ The appellant did not file a motion for a new trial in the trial court. The record reveals that the term of court at which the case was tried did not expire for more than five days after the judgment was rendered. Under such circumstances, since it was a jury trial, we may consider only fundamental error. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270.

The appellant contends that because of the admission of the appellee under rule 31 the appellee abandoned all the defenses set up in his answer and therefore asserts that the appellant was entitled to a directed verdict. The appellee contends that the admission was not in the language of rule 31 and did not constitute such an admission as would deprive him of the defenses alleged.

The language of appellee's admission is substantially the same as the admission made in the case of J. I. Case Threshing Mach. Co. v. Webb, Tex.Civ.App., 181 S. W. 853, writ refused, wherein it was held that the admission was a sufficient compliance with the rule.

■ We think it is well settled that an admission under rule 31 admits every fact alleged in plaintiff's petition necessary to his recovery in the first instance and con-

stitutes an abandonment of all defensive matter except that in the nature of confession and avoidance. National Bank of Commerce v. Williams, 125 Tex. 619, 84 S. W.2d 691, and authorities cited; Snyder Local Mut. Life Ass'n, Group One, v. Lemond, Tex.Civ.App., 116 S.W.2d 829, writ refused.

 Under the above authorities we think the question of fraud passed out of the case. Therefore, the want of consideration by reason of the alleged fraud was abandoned by the appellee and he is relegated by his admission to the subsequent failure of consideration. Cramer v. Cornell, 134 Tex. 17, 130 S.W.2d 1023; National Bank of Commerce v. Williams, supra.

In our opinion the pleadings and verdict of the jury would support a cancellation of the notes in toto only by reason of the alleged fraud occurring before or at the time of their execution. Therefore, there being no pleadings or findings other than fraud sufficient to support the judgment, and fraud having been eliminated by the admission of the appellee, the judgment is unsupported by the pleadings and the verdict, and fundamental error is apparent in the record. 3 Tex.Jur. 827, para. 584.

The judgment is reversed and the cause remanded.