## J. R. PHILLIPS INV. CO. v. NUECES COUNTY.

### No. 11022.

Court of Civil Appeals of Texas. San Antonio.

June 18, 1941.

Rehearing Denied July 9, 1941.

Kleberg, Eckhardt & Lowe, of Corpus Christi, for appellant.

Linton S. Savage and Hal F. Rachal, all of Corpus Christi, for appellee.

MURRAY, Justice.

This suit was instituted by County of Nueces against J. R. Phillips Investment Company seeking to recover the sum of $10,373.61, together with interest, as a balance due upon the purchase price of one hundred Nueces County Road Bonds, in denominations of $1,000 each.

The trial was before the court without the intervention of a jury and resulted in judgment in favor of the County and against the J. R. Phillips Investment Company in the sum of $13,400, from which judgment the Investment Company has prosecuted this appeal.

This appeal presents but the one question of limitation. The claim upon which the County sued was more than four years past due at the time the suit was filed, and if the two or four year statute of limitation articles 5526, 5527, Vernon's Annotated Tex.Civ.Stats, ran against the County on a claim of this nature, it was barred by such statute, otherwise the judgment was properly rendered in the County's favor.

We conclude that limitation did not run in this case against the County. This was a suit to recover money belonging to the road and bridge fund of the County. It was definitely decided by the Commission of Appeals in the case of Linz v. Eastland County, 39 S.W.2d 599, 77 A.L.R. 1466, that while limitation will defeat a recovery by the County of funds belonging to its general fund, it will not defeat a claim for money belonging to its road and bridge fund. The opinion in the Linz case was

not adopted by the Supreme Court, but it has never been overruled by that Court and we feel constrained to follow it. National Bank of Commerce v. Williams, 125 Tex. 619, 84 S.W.2d 691.

The judgment is affirmed.