**CRUMPLER et al. v. HUMPHRIES.**

No. 11893.

Court of Civil Appeals of Texas. San Antonio.

Dec. 1, 1948.

Rehearing Denied Jan. 5, 1949.

Aldrich & McDonald and Hardin & Little, all of Edinburg, for appellants.

Kelley, Looney, McLean & Enochs, of Edinburg, for appellee.

MURRAY, Justice.

This suit was instituted by George W. Humphries, a resident of the Republic of Mexico, against T. M. Crumpler and Paul Bramel, residents of Hidalgo County, Texas, and doing business as Crump & Bramel, upon four trade acceptances or notes being for the aggregate sum of $26,439.86.

The trial was before the court without a jury and resulted in judgment for Humphries in the sum of $8,488.19, together with certain interest, from which judgment T. M. Crumpler and Paul Bramel have prosecuted this appeal.

Appellants plead that at the time the four notes sued on herein were executed a parol agreement was entered into that an amount equal to one-third of the loss sustained upon thirteen carloads of tomatoes, shipped by appellee to appellants, should be credited upon these notes, when such loss was ultimately definitely ascertained. They also plead failure of consideration to the extent of the loss sustained by them on the thirteen cars of tomatoes. The trial court sustained special exceptions to these two items and appellants here contend this was error requiring a reversal of the cause.

The trial court's findings of fact are as follows:

"In this case plaintiff declared on negotiable trade acceptances payable to the order of George W. Humphries and accepted by Crump and Bramel, a partnership composed of T. M. Crumpler and Paul Bramel, said partnership acting by and through T. M. Crumpler, who accepted the same. These trade acceptances totaled Twenty Six Thousand Four Hundred Thirty Nine and 86/100 ($26,439.86) Dollars. Defendants admit the execution, delivery and acceptance of said trade acceptances and allege in their Second Amended Original Answer that said instruments were given in compromise and settlement of plaintiff's claim and demand for tomatoes shipped more than thirty days prior thereto by the plaintiff to the defendants, said tomatoes being of the aggregate net sum of Thirty Two Thousand Nine Hundred Fifty Eight

and 50/100 ($32,958.50) Dollars. Defendants claimed certain credits arising out of transactions subsequent to the execution of the trade acceptances; defendants further claimed a credit of Eleven Thousand Four Hundred Seventy Eight and 67/100 ($11,478.67) Dollars which arose out of other transactions between the parties prior to the tomato deal out of which the trade acceptances sued upon arose; as to this credit plaintiff had made a stipulation in writing contemporaneously with the trade acceptances herein sued upon, by which stipulation the said credit was to be allowed upon the trade acceptances. The total amount of said agreed credits at the time of judgment herein totaled Seventeen Thousand Nine Hundred Fifty One and 67/100 ($17,951.67) Dollars, reducing the plaintiff's demand at time of judgment to a balance of Eight Thousand Four Hundred Eighty Eight and 19/100 ($8,488.19) Dollars. Defendants further claimed that they were entitled to a credit for an additional sum of one-third of the loss alleged to have been sustained on the tomato deal and variously claimed by them to be enough to take care of the major portion of the balance of the plaintiff's demand. Defendants claimed they were entitled to this credit by reason of an alleged oral agreement between the parties made contemporaneously with the execution, delivery and acceptance of the trade acceptances, by which oral agreement defendants allege that when the total amount of a claimed loss arising out of alleged defective tomatoes had been fully ascertained, the one-third of such total loss was to constitute an additional credit upon the trade acceptances and which one-third of such total loss defendants in their Third Amended Original Petition claimed to amount to Six Thousand Eight Hundred Twenty Five and 65/100 ($6,825.65) Dollars; to which claimed credit plaintiff interposed an exception that it was an attempt to vary the writing between the parties by a contemporaneous parol agreement, which exception was sustained by the court. And thereupon, having been given leave to amend, the defendants set up the entire loss on the tomatoes as an alleged failure of consideration, to which plea they made affidavit that the same was true if their former plea of compromise and settlement was in error; to which plea plaintiff interposed an exception as to the equivocal form of the plea, and further excepted upon the ground that such attempted plea of failure of consideration was an attempt to vary the terms and consideration of the contemporaneous written agreement, and an attempt to vary the terms of the written trade acceptances as to the amount thereof and the alleged loss was a matter within the contemplation of the parties at the very time of the making of said trade acceptances and was at such time basis for reducing the trade acceptances to an amount much lower than the purchase price of the tomatoes, the last car of which had been shipped about one month prior to the execution, delivery and acceptance of said trade acceptances 'in compromise and settlement' of plaintiff's demand for Thirty Two Thousand Nine Hundred Fifty Eight and 50/100 ($32,958.50) Dollars as the agreed purchase price of said tomatoes, which special exceptions were by the court sustained, and the defendants not having further amended and there being no further matter in the pleadings requiring the taking of testimony, the court entered judgment for the plaintiff for the amount of the trade acceptances, less admitted credits."

■ We are of the opinion that the trial court properly sustained the special exception to the alleged credit of an amount equal to one-third of the loss on the tomatoes. The so-called trade acceptances herein sued upon were not executed in the ordinary course of trade, but were executed in the carrying into effect of a compromise agreement. Tomatoes had been shipped from Mexico to appellants at Laredo, Texas, and drafts drawn amounting to more than $32,000. These drafts had not been honored by appellants and appellee came to Laredo to seek a settlement with them. The parties then and there agreed upon a settlement and it was in carrying out this agreement that the four instruments sued upon were executed, delivered and accepted by appellee. Contemporaneously with the execution of these instruments a written memorandum was executed providing for certain credits upon these notes or acceptances. To allow a still further credit

would be to permit appellants to not only vary the terms of the notes but also the terms of the collateral written agreement, by a parol agreement made at the same time and relating to a loss that was then known. The notes were on their faces unconditional promises to pay in money and could not be varied or contradicted by an alleged parol agreement to the effect that they might be discharged in whole or in part for a loss then known but the exact amount to be later ascertained. Chalk v. Daggett, Tex.Com.App., 257 S.W. 228; Mitcham v. London, Tex.Civ.App., 110 S. W.2d 140; Shepherd v. Woodson Lumber Company, Tex.Civ.App., 63 S.W.2d 581.

 As to appellants' plea of failure of consideration, we think the trial court properly sustained exceptions to it. In the first place it was not a plea of failure of consideration but a further attempt to vary and contradict the terms of the note by a contemporaneous parol agreement. Denman v. Kaplan, Tex.Civ.App., 205 S.W. 739; Dolsen v. DeGanahl, 70 Tex. 620, 8 S.W. 321. In the second place appellants knew of the defective condition of the tomatoes at the time they signed the notes and nothing thereafter happened which could constitute a failure of consideration. Cramer v. Cornell, Tex.Civ.App., 108 S.W. 2d 1115.

The judgment of the trial court is affirmed.