**BATSAKIS v. DEMOTSIS.**

No. 4668.

Court of Civil Appeals of Texas. El Paso.

Nov. 16, 1949.

I. M. Singer, Corpus Christi, for appellant.

Chas. F. Guenther, Jr., San Antonio, R. G. Harris, San Antonio, W. Pat Camp, San Antonio, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the 57th judicial District Court of Bexar County. Appellant was plaintiff and appellee was defendant in the trial court. The parties will be so designated.

Plaintiff sued defendant to recover $2,-000 with interest at the rate of 8% per annum from April 2, 1942, alleged to be due on the following instrument, being a translation from the original, which is written in the Greek language:

"Peiraeus<br>April 2, 1942

"Mr. George Batsakis
Konstantinou Diadohou #7
Peiraeus
"Mr. Batsakis:

"I state by my present (letter) that I received today from you the amount of two thousand dollars ($2,000.00) of United States of America money, which I borrowed from you for the support of my family during these difficult days and because it is impossible for me to transfer dollars of my own from America.

"The above amount I accept with the expressed promise that I will return to you again in American dollars either at the end of the present war or even before in the event that you might be able to find a way to collect them (dollars) from my representative in America to whom I shall write and give him an order relative to this. You understand until the final execution

674

(payment) to the above amount an eight per cent interest will be added and paid together with the principal.

"I thank you and I remain yours with respects.

"The recipient,
(Signed) Eugenia The. Demotsis."

Trial to the court without the intervention of a jury resulted in a judgment in favor of plaintiff for $750.00 principal, and interest at the rate of 8% per annum from April 2, 1942 to the date of judgment, totaling $1163.83, with interest thereon at the rate of 8% per annum until paid. Plaintiff has perfected his appeal.

The court sustained certain special exceptions of plaintiff to defendant's first amended original answer on which the case was tried, and struck therefrom paragraphs II, III and V. Defendant excepted to such action of the court, but has not cross-assigned error here. The answer, stripped of such paragraphs, consisted of a general denial contained in paragraph I thereof, and of paragraph IV, which is as follows:

"IV. That under the circumstances alleged in Paragraph II of this answer, the consideration upon which said written instrument sued upon by plaintiff herein is founded, is wanting and has failed to the extent of $1975.00, and defendant pleads specially under the verification hereinafter made the want and failure of consideration stated, and now tenders, as defendant has heretofore tendered to plaintiff, $25.00 as the value of the loan of money received by defendant from plaintiff, together with interest thereon.

"Further, in connection with this plea of want and failure of consideration defendant alleges that she at no time received from plaintiff himself or from anyone for plaintiff any money or thing of value other than, as hereinbefore alleged, the original loan of 500,000 drachmae. That at the time of the loan by plaintiff to defendant of said 500,000 drachmae the value of 500,000 drachmae in the Kingdom of Greece in dollars of money of the United States of America, was $25.00, and also at said time the value of 500,000 drachmae of Greek money in the United States of America in dollars was $25.00 of money of the United States of America. The plea of want and failure of consideration is verified by defendant as follows."

The allegations in paragraph II which were stricken, referred to in paragraph IV, were that the instrument sued on was signed and delivered in the Kingdom of Greece on or about April 2, 1942, at which time both plaintiff and defendant were residents of and residing in the Kingdom of Greece, and

"*Plaintiff* (emphasis ours) avers that on or about April 2, 1942 she owned money and property and had credit in the United States of America, but was then and there in the Kingdom of Greece in straitened financial circumstances due to the conditions produced by World War II and could not make use of her money and property and credit existing in the United States of America. That in the circumstances the plaintiff agreed to and did lend to defendant the sum of 500,000 drachmae, which at that time, on or about April 2, 1942, had the value of $25.00 in money of the United States of America. That the said plaintiff, knowing defendant's financial distress and desire to return to the United States of America, exacted of her the written instrument plaintiff sues upon, which was a promise by her to pay to him the sum of $2,000.00 of United States of America money."

Plaintiff specially excepted to paragraph IV because the allegations thereof were insufficient to allege either want of consideration or failure of consideration, in that it affirmatively appears therefrom that defendant received what was agreed to be delivered to her, and that plaintiff breached no agreement. The court overruled this exception, and such action is assigned as error. Error is also assigned because of the court's failure to enter judgment for the whole unpaid balance of the principal of the instrument with interest as therein provided.

Defendant testified that she did receive 500,000 drachmas from plaintiff. It is not clear whether she received all the 500,000 drachmas or only a portion of

them before she signed the instrument in question. Her testimony clearly shows that the understanding of the parties was that plaintiff would give her the 500,000 drachmas if she would sign the instrument. She testified:

"Q.......who suggested the figure of $2,000.00?

A. That was how he asked me from the beginning. He said he will give me five hundred thousand drachmas provided I signed that I would pay him $2,000.00 American money."

The transaction amounted to a sale by plaintiff of the 500,000 drachmas in consideration of the execution of the instrument sued on, by defendant. It is not contended that the drachmas had no value. Indeed, the judgment indicates that the trial court placed a value of $750.00 on them or on the other consideration which plaintiff gave defendant for the instrument if he believed plaintiff's testimony. Therefore the plea of want of consideration was unavailing. A plea of want of consideration amounts to a contention that the instrument never became a valid obligation in the first place. National Bank of Commerce v. Williams, 125 Tex. 619, 84 S.W. 2d 691.

Mere inadequacy of consideration will not void a contract. 10 Tex.Jur., Contracts, Sec. 89, p. 150; Chastain v. Texas Christian Missionary Society, Tex.Civ. App., 78 S.W.2d 728, loc. cit. 731(3), Wr. Ref.

Nor was the plea of failure of consideration availing. Defendant got exactly what she contracted for according to her own testimony. The court should have rendered judgment in favor of plaintiff against defendant for the principal sum of $2,000.-00 evidenced by the instrument sued on, with interest as therein provided. We construe the provision relating to interest as providing for interest at the rate of 8% per annum. The judgment is reformed so as to award appellant a recovery against appellee of $2,000.00 with interest thereon at the rate of 8% per annum from April 2,

1942. Such judgment will bear interest at the rate of 8% per annum until paid on $2,000.00 thereof and on the balance interest at the rate of 6% per annum. As so reformed, the judgment is affirmed.

Reformed and affirmed.