S. C. GRANBERRY v. MRS. J. R. GRANBERRY, ADMINISTRATRIX.

Decided November 1, 1905.

1.—Credits and Offsets—Pleading—Suit Against Administrator.

While defendants in general are required to plead payments, credits or offsets against plaintiff's demand, the rule in regard to claims against estates

which requires the claimant to swear that all such. known to him have been allowed puts upon him the like burden of proof in suits to establish a claim rejected by the administrator, and the latter is not required to plead such defenses.

**2.—Agency—Accounts—Charge.**

In a suit to recover against an estate claims for money advanced or expended by plaintiff as a general agent for decedent, managing his business, it was error to instruct the jury to find for plaintiff the amounts so advanced or expended less such sums as he had collected for the decedent, regardless of the disposition he had made of such collections, there being evidence that the collections had been used for decedent's benefit.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

*J. P. Hamer* and *Fiset & McClendon,* for appellant.

*Z. T. Fulmore* and *Geo. S. Walker,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant brought this suit against appellee as administratrix of the estate of her deceased husband, M. C. Granberry, seeking to recover various sums of money alleged to have been paid out by the plaintiff for M. C. Granberry during his lifetime, and for his funeral expenses at the time of his death. The plaintiff recovered $547.55. This he regarded as inadequate; and, his motion for new trial being overruled, he has appealed the case to this court.

Under the first assignment of error appellant complains of the third paragraph of the charge of the court, which reads as follows:

"If you believe from a preponderance of the evidence that M. C. Granberry in his lifetime authorized and requested the plaintiff to take charge of and manage his (M. C. Granberry's) business, to collect moneys due the said M. C. Granberry, to expend such moneys for the benefit of the said M. C. Granberry's business, and to advance to the said M. C. Granberry such moneys as might from time to time be needed by the said M. C. Granberry in his sickness, and if you further believe from a preponderance of the evidence that plaintiff did undertake to comply with said request, and in pursuance thereof and of the authority thereby granted him, did, during the life of M. C. Granberry, expend money for the benefit of the said M. C. Granberry's business, and that such expenditures were proper and reasonably necessary for the purposes for which they were expended, or did contract for the benefit of the said M. C. Granberry debts of such character, for which plaintiff was personally liable and which plaintiff has paid, you will find for plaintiff the amount of such debts, expenses and advancements to M. C. Granberry, less such sums as you find from the evidence the plaintiff in the lifetime of the said M. C. Granberry collected, belonging to the said M. C. Granberry."

The defendant failed to plead any payments, credits or offsets; and, on account of such failure, it is contended in behalf of appellant that the question of payments, credits and offsets was not involved in the case, and should not have been recognized by the court and embodied

in the charge to the jury. As a general proposition, the contention urged by appellant's counsel may be conceded as correct, but it is believed that cases of this kind should be excepted from the rule of law referred to. It is provided by the probate law of this State (Rev. Stats., art. 2072) that "no executor or administrator shall allow any claim for money against his testator or intestate, nor shall any county judge approve the same, unless such claim is accompanied by an affidavit in writing that the claim is just, and that all legal offsets, payments and credits known to affiant have been allowed."

In enacting this statute, we think it was the intention of the Legislature to cast upon those asserting claims against the estates of deceased persons, the burden of showing that all legal offsets, payments and credits known to the creditor have been allowed; and that if the claim be rejected by the administrator, and the creditor seeks to enforce it in court, the burden referred to continues and has application in the trial of the case. However, we are of opinion that the charge quoted did not state the law correctly, and misdirected the jury in a material respect. The last clause, in effect, told the jury to deduct from the amount the plaintiff had advanced to or expended for M. C. Granberry, such sums as the plaintiff had collected for M. C. Granberry during his lifetime, regardless of the disposition made thereof. There was testimony tending to show that the plaintiff had collected sums of money belonging to M. C. Granberry, and had paid the same to him, or used it for his benefit; and if such was the case, then such sums were not legal offsets against the plaintiff's claim; and the charge of the court should not have required the jury to deduct them therefrom.

On the other questions presented, we rule against appellant.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*