## TRAVIS et al. v. KENNEDY et al.
### No. 4412.

Court of Civil Appeals of Texas. Texarkana.

Dec. 14, 1933.

Guinn & Devereux, of Jacksonville, for appellants.

Engledow & Guest, of Pittsburg, for appellees.

SELLERS, Justice.

This suit was brought in the district court of Camp county by Dr. J. M. Travis and others, who are also doctors, against W. A. Kennedy and R. B. Lockhart, as independent executors of the estate of R. A. Morris, deceased, to recover for professional services rendered R. A. Morris, deceased, during his last illness. Plaintiffs alleged in their second amended original petition upon which this case went to trial as follows:

"Plaintiffs further allege that upon the death of the said R. A. Morris, his estate became indebted to them in the sum of One Thousand Four Hundred Sixty and No/100 Dollars for medical and professional services administered and rendered by the said Plaintiffs to the Decedent. That said services and attention so rendered by the plaintiffs to said decedent were so rendered and administered from the 6th day of January, A. D. 1929, to and including the 6th day of January, A. D. 1931. That the said decedent was a patient in the Cherokee Hospital and the Nan Travis Memorial Hospital, the successor of the Cherokee Hospital, during said period of time and long prior thereto. That these plaintiffs were employed by the decedent, his agent and employees to render to him the services they deemed proper and necessary to the best welfare of the said decedent and that the said plaintiffs, using the best of their professional skill and judgment, did administer and render said medical and professional services to the said decedent, each and every day from said 6th day of January, A. D. 1929, to and including the said 6th day of January, A. D. 1931, said pe-

riod consisting of seven hundred and thirty days, and for said services the plaintiffs made a charge of Two Dollars ($2.00) per day, said charge for such services and attention being the usual, reasonable and customary charges made to all patients for like services.

"Plaintiffs would show that for said services the decedent, his agents and employees, promised and agreed to and with the plaintiffs that they would pay the said plaintiffs for said services. That said services were rendered and performed under an agreement with the decedent, his agent and employees whereby the said decedent, his agent and employees promised to pay to the plaintiffs when the account became due the amount of said account; that it was known and agreed by and between the said plaintiffs and the decedent, his agent and employees that the account for said services would not become due until the termination of such services and attention; that said services and attention did not terminate until the death of the said testator, R. A. Morris, and that, upon said death of the said R. A. Morris and the termination of the services of the plaintiffs, to-wit: On the said 6th day of January, A. D. 1931; the account for the services and attentions so rendered and performed became due and payable. * * *"

The defendants in their answer denied generally allegations contained in plaintiffs' petition, and also alleged the two years' statute of limitation.

The case was tried before the court without a jury, and resulted in a judgment in favor of the defendants. From this judgment the plaintiffs have duly prosecuted this appeal.

The appellants contend on this appeal that they were entitled to judgment for their debt under the pleadings and undisputed evidence offered on the trial. The evidence of disinterested witnesses is undisputed that such services were rendered R. A. Morris, deceased, by appellants, and that such services were necessary, and that they were reasonably worth $2 per day as alleged. Such evidence, in our opinion, was conclusive and entitled appellants to judgment for the amount sued for.

Appellees in their brief present two propositions upon which they rely to support the judgment in their favor. First, they say that appellants' action is upon an express contract, and therefore there can be no recovery on a quantum meruit. We do not so construe the pleadings. It was alleged, as may be observed, that "the plaintiffs were employed (requested) by the decedent, his agents and employees to render to him the services they deemed proper and necessary" and "the decedent, his agents and employees promised and agreed to and with the plaintiffs that they would pay said plaintiffs for said serv-

ices" and "for said services the plaintiffs made a charge (after the services were performed) of $2.00 per day, which was a reasonable charge." The agreement of employment or hire is expressly stated, but the agreement of employment does not fix the price to be paid for the services rendered under it. Stated in other words, the plaintiffs had performed services at the request of the decedent and his agent, and the decedent and his agent had promised to pay plaintiffs as much money as he reasonably deserved to have therefor, and that plaintiffs deserved to have the named sum. As there was no agreement as to the amount which appellees were to receive for their services, they seek, in so far as the amount is concerned, to recover only for the reasonable value of such services. The contract had been fully performed, and nothing remains to be done but the payment of the price. Where the agreement of hire does not fix the price to be paid for services to be rendered under it, recovery may be had as upon an implied agreement. 10 Tex. Jur. 10, p. 24; Law Reporting Co. v. Texas Grain Elevator Co. (Tex. Civ. App.) 168 S. W. 1001. Bouv. Law Dict., vol. 3, page 2777, has this definition of an action on quantum meruit:

"When a person employs another to do work for him, without any agreement as to his compensation, the law implies a promise from the employer to the workman that he will pay him for his services as much as he may deserve or merit. In such case the plaintiff may suggest in his declaration that the defendant promised to pay him as much as he reasonably deserved, and then aver that his trouble was worth such a sum of money, which the defendant has omitted to pay. This is called an assumpsit on quantum meruit.

"When there is an express contract for a stipulated amount and mode of compensation for services, the plaintiff cannot abandon the contract and resort to an action for a quantum meruit on an implied assumpsit."

We are of the opinion that the pleadings bring this suit squarely within the above definition of a quantum meruit recovery.

Appellees' other proposition is to this effect: "In a suit against an independent executor payments, credits and offsets are in issue and it is not necessary that the executor plead payment to put such facts in issue, but the burden is on the plaintiff to establish by proof that the decedent had not made payment and all credits and offsets had been allowed."

■ The proposition is unquestionably the law in this state when the suit is against an executor acting under the supervision of the probate court. The holding is predicated upon the statute which requires that no ex-

ecutor or administrator shall allow any claim for money against his testator or intestate, nor shall any county judge approve the same unless such claim is accompanied by affidavit in writing that said claim is just and that all legal offsets, payment, and credits known to affiant have been allowed. This statute, as construed in Granberry v. Granberry, 40 Tex. Civ. App. 420, 90 S. W. 711, sustains the proposition of appellees. But it has recently been held that the statute which requires claims to be presented to and allowed or rejected by the executor is not applicable to independent executors, Sloan v. Dahl (Tex. Civ. App.) 27 S.W.(2d) 284, and therefore it follows that the rule announced in the case of Granberry v. Granberry, supra, is not applicable in this case.

Appellees do not undertake to sustain the trial court's judgment upon their plea of limitation, and we therefore deem it unnecessary to discuss this point.

The judgment of the trial court will be reversed in so far as it decrees a judgment that appellants take nothing against appellees as independent executors of the estate of R. A. Morris, deceased, and judgment is here rendered for appellants against appellees as independent executors of the estate of R. A. Morris, deceased, for the amount sued for. The judgment, however, denying recovery against the defendants in their individual capacity is in all respects affirmed. The costs of appeal and of the trial court will be taxed against appellees only in their capacity of independent executors.