WM. M. CRAMER V. JAMES CORNELL.

No. 7364. Decided July 19, 1939.
Rehearing overruled October 11, 1939.
(130 S. W., 2d Series, 1023.)

*Wright & Tupper, Lawther & Cramer* and *Wm. M. Cramer,* all of Dallas, for plaintiff in error.

The defense of want or lack of consideration is waived by an admission under Rule 31 for the District and County Courts and only pleas in confession and avoidance may be presented thereafter. National Bank of Commerce v. Williams, 125 Texas 619, 84 S. W. (2d) 459; Ferguson v. American Bank & Trust Co., 13 S. W. (2d) 459; Phoenix Mutual Life Ins. Co. v. Bernfield, 101 S. W. (2d) 1025.

*W. A. Keeling,* of Austin, *L. W. Elliott,* of Sonora, and *R. G. Hughes* and *D. B. Hardeman,* of San Angelo, for defendants in error.

Where defendant has filed an admission that plaintiff has a good cause of action, except in so far as it may be defeated, and asks, and the court grants, the privilege to open and close the case, and thereafter offers evidence of a failure of consideration for the promissory note, which is made the basis of the suit, the court is required to hear and consider such evidence as against the objection that the admission filed, under Rule 31 for the District and County Courts, contitutes an abandonment of defendant's plea of failure of consideration. Smith v. Traders Natl. Bank, 74 Texas 541, 12 S. W. 221; American Land Co. v. Dale, 55 S. W. (2d) 231; 2 Tex. Jur., 1128.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was brought in the District Court of Tom Green County, Texas, by Wm. M. Cramer, who will be designated plaintiff, against James Cornell as defendant, who will be given that designation here. The suit was upon a promissory note dated April 4, 1931, in the sum of $8500.00, payable in one year, with 8 per cent. interest from date. It was executed by defendant and recited a valuable consideration. Plaintiff sought also foreclosure of a lien upon a mineral interest in certain lands in Pecos County. Plaintiff's petition contained the usual allegations with reference to execution and delivery of the note, default in its payment, and other essential elements showing a valid and enforceable obligation.

Prior to trial of the cause defendant filed the following admission in writing:

"Now comes James Cornell, defendant in the above entitled

and numbered cause, and admits that the plaintiff has a good cause of action as set forth in his petition, except so far as it may be defeated, in whole or in part, by the facts alleged in the answer constituting a good defense, which may be established on the trial, and by reason of such moves the court that he be allowed to open and conclude, both in adducing his evidence and in the argument, under District Court Rule No. 31."

Thereupon, the court granted said motion and accorded defendant the privilege of opening and closing the case. However, at the conclusion of the trial of the cause, the court withdrew the case from the jury and rendered judgment in favor of defendant. The Court of Civil Appeals affirmed the judgment. 108 S. W. (2d) 1115.

■ It cannot be successfully disputed that, in light of this admission, if defendant pleaded in defense of the action a want of consideration, as distinguished from a failure of consideration, plaintiff was entitled to judgment. National Bank of Commerce v. Williams, 125 Texas 619, 84 S. W. (2d) 691; Ferguson v. American Bank & Trust Co., 13 S. W. (2d) 459 (Writ ref.); Rector v. Evans, 6 S. W. (2d) 105. This makes it necessary to set out rather fully the substance of defendant's pleadings.

After the formal parts, including general demurrer and general denial, the answer contains the following averments:

"3.

"For further answer, if further answer be necessary, he denies the alleged consideration for the note sued upon by plaintiff, and says that the same was executed and delivered without plaintiff's giving, promising, foregoing, or suffering, or being liable to suffer, the loss or detriment of anything or act by reason of this defendant's execution and delivery of such note, and that such note, as to this defendant, is wholly without consideration.

"4.

"Defendant alleges that he signed the note in suit without receiving value therefor.

"5.

"Defendant says that he signed the note in suit not for a valuable consideration, nor for an antecedent or existing debt, nor for any consideration to support a simple contract, nor as an accommodation party, nor for the purpose of lending his name to some other person, or persons, nor at the request of, nor by reason of promise to or contract with any other person,

or persons, nor to secure for himself, nor for any other person, or persons, extension of credit, or the making of a loan, the extension of a loan, or any benefit or adventure, nor to cause or induce plaintiff to do anything which might be to his disadvantage, nor be to him a detriment, nor in fulfillment of any obligation to plaintiff, or to any other person, or persons, nor in fulfillment of a promise or contract."

Defendant then proceeded to set out in detail facts and circumstances concerning the execution and delivery of the note, and from the opinion of the Court of Civil Appeals we take the following statement:

"In 1930 Dorothy Fletcher, then a manicurist in a barber shop in Dallas, brought suit in the district court of Dallas County, against Carl Cromwell, then a resident of Tom Green County, Texas, for divorce and for partition of community property, alleging that she had lived with Cromwell as his common-law wife from 1913 to 1918, and that he abandoned her in 1918. Cromwell denied the existence of any marital relationship with her. He had married Luella Cromwell in 1919, to which marriage was born a daughter, and was living with such wife and daughter at San Angelo when said suit was filed. Cornell represented Cromwell as his attorney, and with him was associated Bailey, Nickels & Bailey, of Dallas. Cramer represented the plaintiff in the Dallas suit. Numerous conference and negotiations were had between counsel for the respective parties towards a settlement of that case. Finally an agreement between Cornell and Cramer, consented to by their respective clients, was reached, and the instruments here involved were executed. According to the testimony of Cornell, Cromwell was then insolvent, and because of his friendship with the family and to prevent humiliation, embarrassment, and chagrin to the wife and daughter, he agreed in effect to lend his credit to Cromwell in order to effect such settlement. It is not controverted that the condition of such settlement for the sum of $8500.00 was that a judgment be entered in the divorce suit, expressly finding and reciting that no marriage relationship had ever existed between Cromwell and Dorothy Fletcher. Pursuant to this agreement, which was fully understood by Cramer, Cornell and Joe Bailey, Jr., who acted for his firm, and as intermediary and trustee in the matter, Cornell signed the note for $8,500 and the mineral deed in question, leaving the name of the payee in the note and that of the grantee in the mineral deed blank, and forwarded same to Bailey in Dallas to carry the agreement into effect. Upon instructions from Cramer,

his name instead of that of his client was by Bailey inserted in the instruments. A judgment, apparently drawn by Bailey's firm and bearing the o.k. of Bailey and Cramer, was entered in the Dallas suit to the effect that the plaintiff in that suit 'take nothing as against Mr. Carl Cromwell, and Mrs. Luella L. Cromwell, and that said defendants go hence without day, with their costs in this behalf expended, etc.' Cornell did not draw such judgment, and did not know until after his note to Cramer became due that it did not contain the adjudication by the court that no marriage status ever existed between Cromwell and Dorothy Fletcher, which was the moving consideration for its execution."

In further explanation of the conditions upon which the note was executed and delivered, as alleged by defendant, we quote the following from the answer:

"That defendant signed the note in suit, and as well other written instruments declared upon, in San Angelo, Tom Green County, Texas, and they were forwarded by Robert G. Hughes, acting for defendant, to Jos. W. Bailey, Jr., an attorney at law, at Dallas, Texas, upon the agreement known to said Joseph W. Bailey, Jr., that they were to be delivered only after the rendition of a judgment expressly finding and declaring that no marriage had ever been consummated between Dorothy Fletcher and Carl Cromwell; that the rendition and entry of such a judgment was the sole consideration agreed to by this defendant, and his sole motive in executing the note in suit and giving the security for its payment, since the purpose of this defendant was to relieve the said Mrs. Luella L. Cromwell and daughter Carlene from annoyance, embarrassment and humiliation; that would result from the trial of one or both of the causes being given publicity; that this defendant did not know until long after April 4, 1931, the date upon which the note in suit and the instrument securing its payment had been forwarded from his office in San Angelo, that judgment such as agreed upon had not been entered. This defendant in this connection says that if a judgment such as the one agreed upon had been entered he would have offered no resistance to the collection of this note; that by reason of facts herein alleged, the consideration for the execution of the note in suit and for the instruments securing its payment, has failed, the agreement on the part of the plaintiff, constituting a consideration for the contract on the part of defendant, not having been carried out."

Defendant then proceeded to allege that the purported judgment which was entered was a nullity, constituted no judgment

at all, left the cause upon the docket without the loss of any right of Dorothy Fletcher, and resulted in no injury or disadvantage to her whatever.

It is but fair to add that plaintiff Cramer had nothing to do with preparation of the decree that was entered. It was prepared by Joe Bailey, Jr. and was submitted to plaintiff for approval while he was engaged in the trial of a case. Plaintiff relied upon Bailey as associate counsel for defendant in the divorce proceeding to prepare a decree entirely satisfactory to Cromwell as well as defendant Cornell. He did not carefully read the decree as prepared, but approved same at the request of Mr. Bailey, who had it entered of record. Upon approval of the decree, the note in question was delivered to plaintiff, and he did not know until after maturity of the note, and after the death of Cromwell, that any doubt had arisen about the wording of the decree.

From these allegations, taken as a whole, it appears perfectly plain to us that defendant unquestionably asserted that when the note in question was delivered to plaintiff on April 9, 1931, there was then an utter lack of consideration for same, in that the judgment which was to be entered was not entered. Defendant appears to argue that the note was delivered to plaintiff Cramer on April 4, 1931, the day of its date, but it was in fact not delivered to him until the date of the approval of the decree, April 9, 1931. It is therefore undisputed that the note was not delivered, and there was no intention that it should be delivered, upon a *promise* by Cramer that the specific judgment which defendant wanted entered would be later entered, but the pleading leaves no doubt that the note was to become effective only upon the actual entry of the desired judgment. The express allegation is made that the *"rendition* and *entry* of such a judgment was the sole consideration agreed to by this defendant." The delivery of the note and the entry of the judgment were contemporaneous. It is obvious therefore that, according to defendant's contentions, the note was not based on a promise, but was to be valid only upon entry of judgment. According to his allegations the purported judgment which was entered was an utter nullity, and the thing which was to be the consideration for the note never came into existence. An inescapable result of defendant's allegations is that the so-called note never had any existence from its beginning, because wholly without any supporting consideration. It is plain that the note had no enforceable effect until the moment when Cramer approved the judgment submitted to him and the note was handed to him. Absolutely nothing transpired there-

after to constitute a *failure* of consideration. If, then, the note had no consideration when sued upon, it had none when delivered to plaintiff.

■ But if the pleading could reasonably be construed as meaning that the note was delivered upon the condition that it was to become effective and valid only after and when the judgment desired was entered, then such defense was lost by the admission. Rector v. Evans, 6 S. W. (2d) 105. We are of the opinion, however, that the answer is not susceptible of such construction, but plainly and unequivocally asserts that there was an entire want of consideration from the beginning and the note for that reason was void.

The case comes squarely upon the authority of National Bank of Commerce v. Williams, supra, and plaintiff was entitled to judgment.

The judgments of the Court of Civil Appeals and of the district Court are reversed, and the cause is remanded to the district court with instruction to that court to enter judgment in favor of plaintiff Cramer for his debt and for foreclosure of lien as prayed for by him.

Opinion adopted by the Supreme Court July 19, 1939.

Rehearing overruled October 11, 1939.