## FAY v. FAY.
### No. 2337.

Court of Civil Appeals of Texas. Waco.
May 8, 1941.

Rehearing Denied June 5, 1941.

B. F. Gafford, of Sherman, for appellant.
Webb & Webb, of Sherman, for appellee.

HALE, Justice.

Appellant, W. M. Fay, instituted this suit on November 23, 1938, as an action in trespass to try title against appellee, W. P. Fay, for the recovery of a house and lot situated in Sherman, Texas. The case was submitted to a jury on special issues and upon their verdict the court rendered judgment that appellant take nothing and that appellee recover the property. The controlling question presented for decision by the appeal is the legal effect of an admission made by appellee and entered of record under District and County Court Rule No. 31 in order to obtain the right to open and close in the testimony and argument.

Appellant alleged in his petition that he was the owner in fee simple and had possession of the property sued for by virtue of a deed from W. W. Chisholm, dated September 26, 1927, duly recorded in the deed records of Grayson county; that thereafter he permitted appellee to move to and live upon said premises without any charge for rent, as an accommodation and kindness, because appellee was his son; that in May, 1936, he sought for the first time to collect rent, which appellee refused to pay and asserted then for the first time an adverse interest in the property; that on or about January 1, 1937, appellee refused to vacate the premises and "thereby dispossessed plaintiff of said premises unlawfully

**608**

and unlawfully withholds from plaintiff the possession thereof." Appellant further set up a claim of title and right of possession acquired by him under the 25-year statute of limitation as embraced in Article 5519, Vernon's Annotated Texas Civil Statutes. Appellee's answer consisted of a general demurrer, general denial, a plea of not guilty and a plea of limitation of ten years as provided in Article 5510 of said statutes.

After the issues of fact had been thus settled on the above pleadings, the court entered his order of record evidencing appellee's admission in the following language: "The issues of fact being settled in this case, and before the trial commences, the defendant admits of record that the plaintiff, W. M. Fay, has a good cause of action as set forth in his petition, except so far as it may be defeated in whole or in part by the facts of the answer constituting a good defense which may be established on the trial." The cause then proceeded to trial with appellee exercising the right to open and close in adducing the evidence and in the argument to the jury. Upon the conclusion of the evidence, two issues were submitted to the jury, in response to which they found that (1) appellee has had peaceable and adverse possession of the property involved in this suit, using and enjoying the same for a continuous period of ten years prior to the date on which the suit was filed and that (2) appellee did not move to and live upon the property in question merely by permission of appellant as an accommodation and kindness without claiming ownership of the property.

■ Appellant has assigned error on the action of the court in rendering judgment against him because the verdict of the jury is not supported by and is contrary to the evidence introduced and "is at variance with and contrary to the admissions of the defendant wherein defendant admits the cause of action of plaintiff." We do not deem it necessary to pass upon the sufficiency of the evidence adduced to sustain the findings of the jury, because we are of the opinion that the admission of appellee operated conclusively against his right to controvert the truth of the necessary averments in appellant's petition to support his cause of action upon any theory therein alleged. Dashiel v. Lott, Tex.Com.App., 243 S.W. 1072; Smith v. Frost, Tex.Com.App., 254 S.W. 926; Rector v. Evans, Tex.Com. App., 288 S.W. 826; National Bank of Commerce v. Williams, 125 Tex. 619, 84 S. W.2d 691; Cramer v. Cornell, 134 Tex. 17, 130 S.W.2d 1023.

■ Appellant alleged facts in his petition which showed a good cause of action against appellee for the recovery sought upon the grounds (1) that he was the owner in fee simple of said property under a deed dated September 26, 1927, or (2) that he was the owner thereof by virtue of the provisions of Article 5519, Vernon's Annotated Texas Civil Statutes, in that he and those under whom he was claiming had "had peaceable and adverse possession for a period of more than 25 years next and prior to the accrual of any claim or cause of action on the part of defendant and before the assertion of any claim on the part of the defendant of any interest in said land"; and (3) that, in either event, he was in constructive possession of the property until on or about January 1, 1937, when appellee unlawfully entered upon and dispossessed him of such premises. If the truth of these necessary averments to a good cause of action in trespass to try title be admitted, as they necessarily were, then the findings made by the jury could not be true, either in fact or in law, irrespective of what the evidence introduced before the jury might have been. We therefore hold that because of such admission the trial court erred in rendering judgment against appellant. Meade v. Logan, Tex.Civ.App., 110 S.W. 188; Workman v. Ray, Tex.Civ. App., 180 S.W. 291; Ferguson v. American Bank & Trust Company, Tex.Civ.App., 13 S.W.2d 459.

■ Appellee contends in this court that the admission which he actually made in the trial court was to the effect that appellant had a good cause of action as set forth in his petition, except as to appellee's ability to defeat the same on his plea of limitation, and that the error of the trial court, if any, was in permitting him to open and close rather than in rendering judgment in his favor. He further asserts that since no error is here assigned upon the action of the court in permitting him to open and close, the judgment should be affirmed. We cannot sustain these contentions. It appears that the admission was made primarily for the purpose of obtaining the right to open and close, and such admission having procured for appellee the desired benefits, we think he should not now be permitted to retain the fruits of his victory and at the same time say that he did not intend for his admission to have

the legal effect against him which the rule required it should have in order to confer upon him the valuable legal rights which he thereby sought and secured. Furthermore, in the absence of any objection by appellee to the order which the trial court signed and entered of record, we must be controlled by the recitations in such order as to the nature and contents of the admission made, rather than by any instrument which the record might otherwise contain evidencing any different admission.

We do not think it is necessary or proper for us to discuss any of the other assignments presented. The transcript does not show that appellant requested the trial court to instruct a verdict in his favor or to render judgment for him non obstante veredicto. But if such relief had been properly sought in the trial court, we would not be inclined to here render judgment for appellant because we think the appellee must have been under such misapprehension concerning the legal significance of the admission which was actually entered of record as would justify us in remanding the case for another trial.

For the reasons discussed, the judgment of the trial court is reversed and the cause is remanded.