## BEDNER v. DUNIGAN TOOL & SUPPLY CO.

### No. 2421.

Court of Civil Appeals of Texas. Eastland.
Oct. 29, 1943.

Rehearing Denied Dec. 10, 1943.

Jno. F. Evans, of Breckenridge, and Wm. L. Evans, of Fort Worth, for appellant.

Harrell & Bowers, of Breckenridge, for appellee.

FUNDERBURK, Justice.

This is a suit by Dunigan Tool and Supply Company (hereinafter called plaintiff) against A. G. Bedner (hereinafter called defendant) to recover an alleged balance due of $1,645.90 upon a promissory note for the original principal sum of $34,-764.67; and to establish and foreclose a chattel mortgage lien, securing said note, upon a steel rotary drilling rig.

Defendant pleaded payment of $1,000 upon said note (by return of a pump and motor theretofore purchased at a price of

$1.000) for which he was given credit of $500 upon the principal and $19.40 upon the interest, instead of which he claims he should have been credited with $1,000 upon the principal and all interest due at the time of such payment, on $1,000 of the principal of said note. Defendant also pleaded a tender of payment of the balance acknowledged by him to be due on said note, and contended that, therefore, in no event was he liable for subsequently accruing interest or attorneys' fees.

By its first amended first supplemental petition, plaintiff pleaded an accord and satisfaction, respecting defendant's claim for allowance of the credit of $1,000 upon the principal of the note instead of the $500 credit given. Also in said pleading he alleged ratification of the balance due upon said note as claimed by plaintiff by reason of renewals of the promise to pay.

Defendant, by his "first supplemental answer," pleaded want of consideration for the alleged accord and satisfaction and also pleaded want of intention to ratify the credit of only $500 instead of $1,000 upon the principal of said note.

In a trial by jury the court instructed the jury to return a general verdict for plaintiff, which, being done and judgment rendered accordingly, the defendant has appealed.

■ Defendant's first point upon which the appeal is predicated is grounded upon the assumption that one of the issues involved was whether the contract of purchase (i.e., purchase by defendant of a pump and motor from plaintiff at the price of $1,000) had been rescinded. It is doubtful, we think, whether defendant's pleadings may reasonably be construed as tendering that issue. The allegations evidently relied upon as doing so were to the effect that after the pump and motor had been demonstrated to be worthless for the purpose for which they were purchased "Defendant returned said pump, and motor attached, to Plaintiff * * * and fully informed the Plaintiff of said facts and demanded that Plaintiff give him credit for the purchase price thereof [on account and note] * * * and the Plaintiff retained possession of the said pump with engine attached and has ever since exercised dominion thereover." Was this the averment of an agreed rescission? If it

was so intended, then the agreement was one to be implied, the implication, if any, necessarily depending upon the alleged facts that the defendant returned the pump and engine and plaintiff retained possession thereof and "has ever since exercised dominion thereover." In our view, the facts alleged do not imply an agreed rescission and there was no express averment of any such rescission. The allegations purport to be part of a plea of payment. Since, however, no point is made as to the sufficiency of the defendant's pleading, let it be assumed that the above was intended to present an issue of agreed rescission. There was no evidence of any agreement at the time of purchase to the effect that if the pump or motor was unsuitable it could be returned and the purchase price be credited. There was neither pleading nor evidence that the pump and motor were wholly without any value. There was no evidence to the effect that the return of the pump and motor was accepted under express agreement that defendant was to be credited with the purchase price of $1,000. Plaintiff testified to the effect that he did not demand credit for the $1,000 at the time he returned the pump, but later and only after he had bought another pump. He testified that plaintiff took possession of the returned pump and motor for the purpose of repairing the same and endeavoring to make them serve the use for which they had been purchased by defendant. The applicable rule of law is that given in Corpus Juris that in some jurisdictions (in which the citations show Texas to be included) "it is a rule that, in the absence of fraud or an agreement giving the right to rescind the contract or return the property, the buyer may not rescind an executed contract of sale for a breach of warranty." 55 C.J. p. 269 § 247. A list of Texas cases is cited as supporting the text, beginning with Wright v. Davenport, 44 Tex. 164. The only conclusion warranted, we think, is that insofar as any issue of rescission may have been involved affecting defendant's liability or extent of liability on the note, the court did not err in giving the peremptory instruction for Plaintiff.

■ Defendant's second point is also grounded upon an assumption which appears to us to be unwarranted. It assumes that there was involved an issue of "no consideration for the note sued upon inso-

far as the same represents Five Hundred ($500.00) Dollars of the purchase price of the returned pump and unit, plus interest paid and charged thereon." The only issue of want of consideration pleaded by defendant related to the alleged accord and satisfaction pleaded by plaintiff, which, of course, was something very different from want of consideration for the note.

Aside from the absence of pleadings tendering an issue of "no consideration" for the note, defendant's testimony shows there was a consideration. He testified, in effect, that his promise to pay, evidenced by the note, included—to the extent of $500 thereof—the agreed purchase price of the pump and motor and that he executed the note as a renewal of his indebtedness to plaintiff, because he was still relying on plaintiff's promise to make the pump good. This testimony not only disproved an agreed rescission, but affirmatively shows consideration for the note.

If we are right in the foregoing conclusions, they determine the proper judgment, as one affirming the judgment of the court below, regardless of the merits of defendant's other points upon which the appeal is predicated.

If the judgment was dependent for support upon an accord and satisfaction having been effected, as alleged by plaintiff, the action of the court in giving the peremptory instruction for plaintiff could not be sustained because, in our opinion, the evidence did not establish conclusively that there was an accord and/or satisfaction. But, as against defendant's attack upon the judgment, any issue of accord and satisfaction is by our conclusions upon the first and second points rendered immaterial.

Plaintiff's cause of action (other than foreclosure of the mortgage lien) had for its subject matter the enforcement of an unconditional promise of defendant to pay plaintiff the sum of $1,645.90. The promise imported a consideration. R.S. 1925, Art. 5933; Wright v. Robert & St. John Motor Co., 122 Tex. 278, 58 S.W.2d 67. It therefore purported to be a contract. Upon the introduction of the note in evidence plaintiff was entitled to judgment as prayed, unless, of course, the defendant had pleaded, and supported by evidence, payment or want or failure of consideration. If defendant pleaded rescission, which, as said before, we merely assume,

it was rescission of the sale of the pump and motor, and not rescission of the note. Such plea presented no defense to liability upon the note. It constituted proper subject matter of a cross-action, but no cross-action was asserted. It in no way, so far as we can see, affected defendant's liability to perform his promise set forth in the note. The allegations, which, as said before, we assume to be a plea of rescission, if any, purport to be part of a plea of payment, which, of course, would if established be a defense to the extent of the amount paid. Immediately following the alleged facts constituting the plea of rescission, if any, defendant's answer says: "That by reason of the facts hereinbefore alleged, Defendant says he made *payment of* and should have been credited on his account and on said promissory note payable to the Plaintiff with the sum of $1,000.00", etc. (Italics ours.)

But the allegations, if true, do not show a payment on the note, nor was there any evidence to raise an issue of payment. Even if plaintiff acknowledged that it owed defendant $1,000, there would have to be an application for it to constitute a payment on the note. However, no contention that any payment was shown is presented by any of defendant's points relied upon for reversal, and, therefore, it is deemed unnecessary to discuss that subject further.

It has already been said that defendant did not plead or prove want of consideration. If there had been such a plea it would, of course, have been a defense, not to $500 of the note, but to all the note. It should be borne in mind that there is a difference between want of consideration and failure of consideration. National Bank of Commerce v. Williams, 125 Tex. 619, 84 S.W.2d 691, 692; Cramer v. Cornell, 134 Tex. 17, 130 S.W.2d 1023. As said in the first case, "A plea of want of consideration amounts to a contention that the note never became a valid obligation in the first instance," and the "defense of failure of consideration presupposes that there was a consideration * * * in the first instance [but] that it later failed." Defendant contests his liability as to only $500 of the $1,645.90 claimed on the principal of the note. He makes no claim anywhere that any defense of *failure* of consideration was pleaded or supported by evidence. It will be apparent from a moment's reflection that the amount in a

note promised to be paid is no part of the consideration supporting the promise to pay. The promise to pay a specified amount is the obligation of the maker. To supply a consideration necessary to convert the mere promise into a contract is a burden resting upon the promisee, or some one acting for him. Therefore, in the very nature of the case, a dispute as to whether defendant was entitled to be credited with $1,000, instead of $500 upon return of the pump and motor, involved neither payment nor want of consideration.

Having concluded that the points relied upon present no error, and that the judgment should be affirmed, it is accordingly so ordered.