Herman **GUETERSLOH** and Harold Phelan,
Appellants,

v.

Clay **TURNER**, Appellee.

No. 7738.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 25, 1967.

Rehearing Denied Oct. 30, 1967.

Phelan & Phelan, Levelland, Marilyn Phelan, Levelland, of counsel, for appellants.

Gordon Treadaway, Lubbock, for appellee.

CHAPMAN, Justice.

This is an appeal by defendants below, Herman Guetersloh and Harold Phelan, from a summary judgment against them rendered for Clay Turner in a suit upon a promissory note executed by appellants in Texas payable to Clay Turner at Lubbock, Texas, in the amount of $16,496.25, payable in three equal annual installments of $5,498.75, and providing that failure to pay any installment or any interest thereon when due, shall, at the option of the holder of said note, mature the full amount.

The first installment became due on January 1, 1966. The makers refused, after demand, to pay the installment or any interest thereon. The stated option was exercised to accelerate the maturity and suit was filed for recovery of the full amount, with interest and attorney's fees.

Both parties filed motions for summary judgment. Defendants' motion was denied and plaintiff's granted.

The case is before us on one point, which asserts the court erred for the reason " * * there was no consideration for the note as a matter of law." We hold the point is without merit.

The defense urged as failure of consideration is that: "The note was given in payment of a commission on sale of real estate in the State of Colorado at a time when Plaintiff was not a licensed real estate broker or salesman in that State. * * * " It is without controversy in the record that appellee was a duly licensed real estate broker in Texas.

The commissions for which the note was executed represented purchases by appellants of four separate tracts of land in Colorado belonging to F. J. Hohensee of Colorado; J. H. Lamborn of Colorado; J. C. Lamborn of Panhandle, Texas; and Hoss Inman and his brother, Jerry Inman, of Colorado.

In plaintiff's Request for Admission of Facts appellants admitted that the sales contract on the Hohensee property provided appellee would be entitled to a commission of $8,680, payable by purchasers; on the J. H. Lamborn land he would be entitled to $5,440, payable by purchasers; on the J. C. Lamborn land he would be entitled to $640, payable by purchasers; and on the Inman land he would be entitled to $7,315, payable by purchasers. These commissions total $22,075, and appellants admitted in such request that: "The total of all real estate commissions to Clay Turner provided for in the four sales contracts was $22,075," and that after the deals were closed appellants paid to appellee "* * * at Levelland, Texas, one-fourth of the total agreed commission or a sum of $5,518.75, and on March 22, 1965, executed and delivered to Clay Turner at Levelland, Texas, a promissory note, a true copy of which has been attached to this Request for Admission and marked 'Exhibit A' for $16,496.25." When the amount of the note is added to the one-fourth cash paid it totals $22,015, or $60 less than that provided for in the four sales

contracts. In other words, the note is $60 less than the agreed figures show it should have been, but since it is in favor of defendants, they would be in no position to complain in that regard.

Article 5933, Vernon's Ann.Tex.Civ.St., provides, inter alia, that every negotiable instrument is deemed prima facie to have been issued for a valuable consideration and value is any consideration sufficient to support a simple contract.

The installment note in controversy purports upon its face to have been given for valuable consideration. It has been held that the introduction in evidence of a note purporting on its face to have been given for valuable consideration makes out a prima facie case for appellee, which would be defeated by appellants establishing the nonexistence of the consideration. Brown v. Weir, 293 S.W. 916 (Tex.Civ.App.-Eastland, 1927, no writ); Scoggins v. Furst & Thomas, 9 S.W.2d 405 (Tex.Civ.App.-Texarkana, 1928, writ dism'd). See also Kothmann v. Southwest Co., 92 S.W.2d 272 (Tex.Civ.App.-San Antonio, 1936, writ dism'd); Bedner v. Dunigan Tool & Supply Co., 176 S.W.2d 220 (Tex.Civ.App.-Eastland, 1943, affirmed 142 Tex. 663, 180 S.W. 2d 919 [1944]).

Appellants contend their agreement to pay appellee a commission for procuring the land in Colorado for their purchase at a time when he did not have a license in that state to sell real estate constituted an invalid contract, therefore the execution of the note carrying into effect in a new form an invalid contract does not give it validity, citing Oldham v. Briley, 118 S.W.2d 797 (Tex.Civ.App.-Eastland, 1938, no writ). That case does say: "It is well settled, that when an original contract is illegal, any subsequent contract, which carries it into effect, is also illegal." However, that case was reversed by the Supreme Court in Briley v. Oldham, 132 Tex. 550, 124 S.W.2d 854 (Tex.Com.App.-1939, opinion adopted). In doing so, the Court said: "Ir-

respective of the vice of illegality which affects the assumed debt, he is bound by his promise to pay it as part of the consideration for the land which he acquires."

■ The note in controversy admittedly was executed by appellants in Texas. The burden of proof on the issue of no consideration rested on the makers. Lewis v. Ada Employees Credit Union, 383 S.W.2d 864 (Tex.Civ.App.-Houston, 1964, writ ref'd n.r.e.).

■ This court has held: "A valuable and sufficient consideration for a contract may consist of either a benefit to the promisor or a loss or detriment to the promisee." Lassiter v. Boxwell Brothers, Inc., 362 S.W.2d 884 (Tex.Civ.App.-Amarillo, 1962, no writ). Appelleee furnished his services as a realtor, at least part of which services were performed in Texas. Appellants received the benefit of the purchase of the land, for which they agreed to pay a commission.

It has been held in this state in Sherrill v. Phillips, 405 S.W.2d 627 (Tex.Civ.App.-Austin, 1966, writ ref'd n.r.e.) that: "There is no law of which we are aware to the effect that a real estate broker in Texas cannot act as broker in Texas in selling or offering for sale to a Texan property located in Arkansas."

In the case just cited and quoted from the property sold was in Arkansas and in that state, just as in Colorado, the statutes of Arkansas make it unlawful for anyone to engage in the business of selling real estate in Arkansas without obtaining a license in accordance with its laws. See also Richland Development Company v. Staples, 295 F.2d 122 (5th Circuit, 1961).

From the authorities cited and for the reasons stated, we hold the summary judgment record failed to show a failure of consideration as a matter of law in the execution of the note in controversy.

Accordingly, the judgment of the trial court is in all things affirmed.