**Joan SMALL, Administratrix of the Estate of V. Houston Small, Deceased, Appellant,**

**v.**

**Glades Dampier SMALL, Appellee.**

**No. 17537.**

Court of Civil Appeals of Texas, Dallas.

Feb. 5, 1971.

Rehearing Denied March 5, 1971.

Arthur G. Schroeder, Jr., Schroeder, Guest & Hoffmeyer, Dallas, for appellant.

Jerry W. Biesel, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Glades Dampier Small brought this action against the estate of V. Houston Small, deceased, seeking to recover judgment for the principal and interest on two promissory notes. The suit was first dismissed upon the administratrix' contention, inter alia, that a valid claim had not been presented in accordance with Section 310 of the Texas Probate Code, V.A.T.S. On appeal it was held that the claim filed in the pro-

bate court complied with the Probate Code provisions and therefore the district court had jurisdiction to hear the case. Small v. Small, 434 S.W.2d 940 (Tex.Civ.App., Waco 1968, writ ref'd n. r. e.).

Following this reversal and remand for trial the executrix filed her amended answer in which she set forth a general denial and specially pled that she had reason to believe that the alleged promissory notes sued upon had not been executed by V. Houston Small, or by his authority. This answer was verified by the executrix in a manner expressly authorized by Rule 93(h), Vernon's Texas Rules of Civil Procedure.

During the trial of the case before the court and a jury the plaintiff Glades Dampier Small offered in evidence the original two promissory notes, each in the sum of $3,000, payable to her, and bearing the signature of V. Houston Small. She also offered two extension agreements which, upon their face, extended the time for payment of the notes. These instruments were also signed by V. Houston Small. Plaintiff also offered the claim which she had filed with the executrix before the probate court, same being in full compliance with the terms and provisions of Section 301 of the Probate Code. Plaintiff then testified that she was the owner and holder of said notes; that the sums of money set forth in the promissory notes have not been paid; that the signatures on each of the notes, as well as the extension agreements, are the signatures of V. Houston Small. All of the documents were received in evidence.

The jury, in answer to special issues submitted to them, found that V. Houston Small had executed the notes and extension agreements. Based upon this verdict, together with undisputed and admitted facts, the trial court rendered judgment for plaintiff against the estate of V. Houston Small for the principal amount of the notes, together with interest and costs.

In her first two points on appeal appellant contends that the trial court erred in not granting her motion for instructed verdict and also motion for judgment *non obstante veredicto* because there was no evidence of any indebtedness against the deceased V. Houston Small. Appellant argues, under these points, that there is no evidence that appellee loaned money to the deceased during his lifetime nor was there any evidence that the deceased repaid any portion of the money which may have been loaned to him. She argues that by virtue of Section 301 of the Probate Code the burden of proof was upon appellee to establish the claim and to prove any offsets of payments. She relied upon the case of Granberry v. Granberry, 40 Tex.Civ.App. 420, 90 S.W. 711 (1905), to support her contention.

■ We cannot agree with appellant. The promissory notes, themselves, together with the extension agreements, constitute prima facie evidence of the indebtedness sued upon. Taylor & Co., Inc. v. Nehi Bottling Co., 30 S.W.2d 494 (Tex.Civ.App., Dallas 1930); Guetersloh v. Turner, 423 S. W.2d 157 (Tex.Civ.App., Amarillo 1967); Business and Commerce Code, V.T.C.A., § 3.307(b); and 9 Tex.Jur.2d, "Bills and Notes", § 358, p. 393. The notes and extension agreements, together with appellee's testimony recited above, were sufficient to establish the cause of action against the estate. Appellant's "no evidence" points 1 and 2 are overruled.

■ The thrust of appellant's third and fourth points of error is to the effect that the trial court permitted appellee to testify to a transaction with the deceased V. Houston Small, in violation of Art. 3716, Vernon's Ann.Civ.St. of Texas. During the trial appellee was asked to identify the signature of V. Houston Small upon the notes and extension agreements. Appellant administratrix objected to such testimony on the ground that same would permit testimony concerning a transaction between the deceased and appellee which is prohibited by Art. 3716, V.A.C.S., commonly known as the "Dead Man's Statute." Ap-

pellant relies upon such cases as Crispi v. Emmott, 337 S.W.2d 314 (Tex.Civ.App., Houston 1960) and Seaman v. Seaman, 417 S.W.2d 86 (Tex.Civ.App., Eastland 1967, affirmed, S.Ct., 425 S.W.2d 339 (1968)). In each of the cases cited the witness was permitted to testify concerning actual transactions with the deceased which are prohibited by statute. In neither case is it held that the mere identification of a signature on a note amounts to a "transaction" with the deceased.

In the early case of Martin v. McAdams, 87 Tex. 225, 27 S.W. 255 (1894), Justice Gaines, speaking for the Supreme Court, held that the mere identification of the handwriting of a testator was admissible as against the contention that such testimony amounted to a "transaction" with the decedent. More recently in Roberts v. Roberts, 405 S.W.2d 211 (Tex.Civ.App., Waco 1966), Justice Wilson, following Martin v. McAdams, said that testimony of witnesses concerning identification of handwriting of a testator to a will did not contravene Article 3716, V.A.C.S. The Supreme Court, in refusing a writ of error, n. r. e., specifically pointed out in a per curiam opinion that such testimony identifying handwriting was admissible and did not contravene the "Dead Man's Statute". Roberts v. Roberts, 407 S.W.2d 772 (Tex. Sup.1966).

Appellee was not permitted to testify to any of the details concerning the execution of the notes in question nor to any other facts which could legally constitute a "transaction" with V. Houston Small. Her testimony was limited to the identification of the signature and in the light of the foregoing authorities we hold that the court did not err in admitting the testimony.

Finding all of appellant's points of error to be devoid of merit we overrule same and affirm the judgment of the trial court.

Affirmed.