**Joseph C. GARCIA, Appellant,**

v.

**Irving F. SMITH, Appellee.**

No. 8554.

Court of Civil Appeals of Texas, Beaumont.

Feb. 5, 1981.

Charles W. Cromwell, Corpus Christi, for appellant.

Virgil Howard, Corpus Christi, for appellee.

CLAYTON, Justice.

This is an application for writ of error under the provisions of *Tex.Rev.Civ.Stat. Ann. art. 2249a* (1971).

Appellee, plaintiff below, brought this suit against appellant, Joseph C. Garcia, upon a promissory note. Appellant filed a

pro se answer in the form of a general denial. He was given notice of a setting of the case but failed to appear either in person or by counsel. Following a non-jury trial, judgment was entered against him for the unpaid balance of the note.

Appellant brings forward two points of error. He complains that the trial court "erred by entering judgment without having the evidence and testimony, if any, recorded by a court reporter" and that "[t]he evidence, if any, is legally and factually insufficient to support a judgment." We overrule both points.

■ It is shown, by bill of exception, that the court reporter was not present during this trial and, therefore, did not make a record of the proceedings. We are aware of the rule that, where the appealing party exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way. *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd). However, in view of the record before us, the absence of a statement of facts is not dispositive of this appeal.

In the record before us, there is an instrument designated as "Defendant's Bill of Exception No. 1" wherein it is stated:

"Defendant . . . has requested a statement of facts from the Official Court Reporter, . . . who has stated that she did not make a record of the proceedings and was not present during the proceedings.

"The presiding judge . . . has no independent memory of the hearing held on May 17, 1979, and therefore could not undertake to prepare a statement of facts. . . ."

This Bill of Exception was qualified by the trial judge as follows:

"This Court finds that the Defendant's Bill of Exception No. 1 is true and correct and is hereby allowed with the following exceptions: No statement of facts was necessary for the following reasons:

"The execution of the note in question was proved by a promissory note the execution of which was not denied by the Defendant. The claim was liquidated including the provision for attorney's fees. No affirmative defenses were alleged by Defendant. Plaintiff's Exhibit 1 a true copy of which is attached hereto fully establishes Plaintiff's cause of action, which was offered and admitted in evidence at [the] hearing held May 17, 1979."

■ The record contains no exception or objection to the qualification made by the judge. The bill with the qualification was accepted by appellant as true and correct and was filed by him. When appellant accepted and filed the bill of exception as qualified by the trial court, he became bound by such qualification, and it will be presumed that the qualification was made with the consent and approval of appellant. The qualification becomes a part of the bill itself and is controlling as to the facts stated therein. We, therefore, must accept the same as true. See *Mea v. Mea*, 464 S.W.2d 201 (Tex.Civ.App.—Tyler 1971, no writ); *Hall v. Texas Department of Public Safety*, 413 S.W.2d 470 (Tex.Civ.App.—Austin 1967, no writ).

■ We do not consider the bill of exception, or any statement contained therein, as constituting a complete or partial statement of facts, recognizing the rule that a bill of exception cannot be used on appeal as a medium for supplying a statement of facts. *Provident American Insurance Company v. Sargent*, 451 S.W.2d 773 (Tex.Civ.App.—Waco 1970, writ dism'd). However, we do consider the bill as establishing the fact that the note sued upon was introduced and admitted in evidence and was before the court.

The record shows that the note sued upon was introduced into evidence. This note, a true copy of which was attached to and made a part of the trial court's qualification of the bill of exception, was executed by appellant, in the principal sum of $1,800, payable in monthly installments of $100 each beginning August 15, 1978. By the

terms of this note, appellant also agreed to pay attorney's fees of 10 percent on the amount of principal and interest in default. Endorsements on the note show the first monthly payment was made on August 28, 1978, and that five payments were made from August 15, 1978, the due date of the first payment, until the date of the last payment on March 2, 1979. On the date of the last payment there is shown to be due on the note the sum of $1,445.26.

*Tex.R.Civ.P. 93(h)* requires a written sworn denial of the execution of an instrument upon which a pleading is founded and specifically provides "[i]n the absence of such a sworn plea, the instrument shall be received in evidence as fully proved." This note was properly received in evidence as fully proved and constitutes prima facie evidence of the indebtedness sued upon. *Small v. Small*, 464 S.W.2d 734 (Tex.Civ. App.—Dallas 1971, writ ref'd n. r. e.). The award by the trial court was liquidated and proved by an instrument in writing. *Wallace v. Snyder National Bank*, 527 S.W.2d 485, 487 (Tex.Civ.App.—Eastland 1975, writ ref'd n. r. e.). Appellant's liability thereon was established unless he interposed a defense sufficient to relieve himself of the obligation. *Tex.Bus. & Com.Code Ann. § 3.307* (1956); *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974).

Appellant's pleading was a general denial. Even if he had been present during the trial, he could not have presented any testimony constituting a defense. Any defense he may have asserted was waived by his failure to allege it affirmatively. *Tex.R. Civ.P. 94.*

It affirmatively appears from the record before us that the note sued upon was properly in evidence, that liability was established thereon, and further that no affirmative defense issues could have been raised by appellant. It is clear that appellant has not been deprived of an adequate review of his appeal. If a statement of facts is not needed, as in this case, a retrial for the sole purpose of obtaining a statement of facts would not serve any useful purpose and would violate the "intent and literal wording of the Rules" as stated in *Albright v. Texcellere Corp.*, 561 S.W.2d 533, 542 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.

AFFIRMED.